BIGGS & NELSON
*vs*
GARRARD.

---

MOTION.

Case 104.

June 15.

The case stated.

## Biggs and Nelson *vs* Garrard.

APPEAL FROM THE CAMPBELL CIRCUIT.

*Attached effects. Contempt. Jurisdiction.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

GARRARD, upon bill filed against Biggs, Nelson and others, procured the order of the Chancellor for an attachment, commanding the Sheriff to attach and take into

his possession three named slaves, and hold them sub-
ject to the further order of the Court, unless bond was
executed to have them forthcoming, &c. The slaves
being seized and in the custody of the officer, Biggs and
Nelson each sued out writs of replevin against the officer,
claiming distinct interests in the slaves, directed to the
Coroner, by which the three slaves were wrested from
the Sheriff, and delivered to Biggs and Nelson. Garrard
not being informed of the proceedings, judgment by de-
fault was rendered against the Sheriff. A few days af-
terwards, and during the term, Garrard filed his affidavit
setting forth the facts stated, and moved the Court to set
aside the judgment and quash the writs, and restore the
slaves. The Judge, who was also the Chancellor who
had ordered the attachment, and before whom the pro-
ceedings in chancery were pending, upon a full hearing,
set aside the judgments and quashed the writs of replev-
in, and ordered an alias chancery attachment, command-
ing the Sheriff to seize and keep the slaves in his posses-
sion, &c., and Biggs and Nelson have appealed to this
Court.

This record exhibits a novel proceeding, and a strange
comminglement of the powers of a Court of Law with
those of the Chancellor. It also exhibits an ignorant or
perverse effort on the part of the plaintiffs in error, under
*bad counsel,* to wrest from the custody of the Chancellor,
under color of law, the slaves previously seized by his
order, and to transfer to a law tribunal, the trial of rights
over which jurisdiction had previously attached in chan-
cery. But notwithstanding the informality and irregu-
larity of the proceedings, upon the motion, enough is
found in the record to justify the orders of the Court.

We have no doubt that the seizure and removal of the
slaves from the custody of the Sheriff, was a contempt of
the authority of the Chancellor, and that the writs of re-
plevin were an abuse of the process of the Court, and
formed no justification or color of excuse for the act.
We are further satisfied that upon affidavit and proof of
the fact of seizure and removal, on motion before the
Chancellor, that he would not only have had the right to
order the immediate restoration of the slaves to the cus-

*Margin note:*

BIGGS & NELSON
*vs*
GARRARD.

It is a contempt of the authority of the Chancel-lor for either party to the chancery suit to wrest from the officers of the Court, property attached, and in the custody of the law even by common law process, and the Chancellor has

the power, and
will order its im-
mediate restora-
tion upon mo-
tion. .

tody of his officer, notwithstanding the judgments in re-
plevin, but also to fine and imprison all persons concern-
ed in their removal. And this would have been the ap-
propriate course of proceeding on the part of Garrard,
the complainant.

We have, also, no doubt that the common law tribunal
should so far respect the proceedings in chancery, as to
correct any abuse of the process of his Court, by which
property in custody, and under the control of the Chan-
cellor, is interfered with, or a conflict in jurisdiction pro-
duced.

The common
law Judge being
the same individ-
ual may properly
on motion set a-
side a judgment
obtained in Re-
plevin for prop-
erty so situated,
by a party to the
chancery suit
at the same term
it was rendered.

Regarding, therefore, the order setting aside the judg-
ment and quashing the writs, as the action of the common
law Court, and the order directing the alias attachment
as the action of the Chancellor, which we may do from
the fact that the Judge who presided, was the Judge of
both Courts, and the cases in both Courts were then pend-
ing before him, the entire order as made, may be sus-
tained. The first part of it may be sustained as the right-
ful action of the common law Judge, in the correction of
irregular and unauthorized proceedings in his Court, and
the abuse of its process; and the second part as the right-
ful order of the Chancellor, which he might have made
more positive and direct than the one that was made, and
have enforced by attachment, fine and imprisonment.

The orders of both Courts are, therefore, affirmed with
costs.

