[No. 20620. In Bank. — May 3, 1890.]

## EX PARTE THOMAS L. ACOCK, ON HABEAS CORPUS.

CONTEMPT — JUDGMENT OF CONVICTION — HABEAS CORPUS — CONCLUSIVENESS OF FACTS — REVIEW OF EVIDENCE. — The facts stated in a judgment of conviction for contempt of court are conclusive, and the sufficiency of the evidence to support them cannot be reviewed on *habeas corpus.*

ID. — AFFIDAVITS UPON INFORMATION AND BELIEF. — After a full and fair hearing, in which the prisoner has been given full opportunity for defense, a judgment of conviction for contempt cannot be held to be void because some of the charges in the affidavits are made upon information and belief, and the prisoner will not be released upon *habeas corpus* on that ground.

ID. — ABUSE OF PROCESS OR PROCEEDINGS OF COURT — FRAUD — PREVENTING RETURN OF PROPERTY REPLEVIED — DISMISSAL. — When the facts stated in a judgment of conviction for contempt show that an action of replevin was commenced in bad faith by the plaintiff for the purpose of using the process of the court to obtain the possession of property from the defendant in an improper manner, without a trial of the right of property, and that after the same had been replevied, its removal from the defendant's premises, where it was seized and kept, was wrongfully procured from the keeper without the sheriff's consent, for the purpose of preventing its return under an undertaking tendered therefor, and that the action was thereupon dismissed, and the property delivered by the sheriff to the plaintiff, under the false representation of plaintiff that the action had been compromised, such facts must be accepted as true upon *habeas corpus,* and the acts so stated are punishable contempts, within the meaning of section 1209 of the Code of Civil Procedure, making deceits or abuse of the process or proceedings of the court by the parties to an action or special proceeding, or rescuing any property in the custody of an officer by virtue of an order or process of court, contempts of the authority of the court; and the plaintiff could not shield himself from the legal consequences of his acts by a dismissal of the action.

Id. — Liability to Civil or Criminal Action. — The fact that the party accused of contempt may be prosecuted in a civil or criminal action for the act complained of does not prevent a prosecution for contempt.

Application to the Supreme Court for a writ of *habeas corpus*. The facts are stated in the opinion of the court.

*Grove L. & Albert M. Johnson*, for Petitioner.

Contempt proceedings being criminal in their nature, the affidavits should not be upon information and belief, but must clearly show a case in point of jurisdiction by stating substantive facts, or else the proceedings will fail; for mere presumption and intendments are not to be indulged in their support. (*Batchelder* v. *Moore*, 42 Cal. 412; *Lezinsky* v. *Superior Court*, 72 Cal. 510; *McConnell*, v. *State*, 46 Ind. 298.) When an action has ended, no contempt proceedings can be maintained therein; for they must be pending litigation, and the proceedings when the case is ended, being criminal, must be directly against the party accused. (*Ex parte Rowe*, 7 Cal. 176; *Ex parte Tittel*, 67 Cal. 261; *In re Buckley*, 69 Cal. 1; *Ex parte Ah Men*, 77 Cal. 198; *King* v. *Barnes*, 113 N. Y. 476; *Winslow* v. *Nayson*, 113 Mass. 420.) If there is an adequate remedy by action, contempt proceedings ought not to be entertained; for it is permitting a private party to use the court and its arbitrary power and summary process to satisfy his private vengeance. (Rapalje on Contempts, sec. 12; *Gates* v. *People*, 6 Brad. App. 383; 2 Bishop on Criminal Law, sec. 273; *People* v. *Riley*, 25 Hun, 587; *Jocquin* v. *Jocquin*, 36 Hun, 378; *McDonald's Estate*, 38 Leg. Int. 34; *In re Hero*, 36 La. Ann. 352; *United States* v. *Towns*, 7 Ben. 444; *White* v. *Gates*, 42 Ohio St. 109.) Plaintiffs had ample remedy by civil or criminal action. (Code Civ. Proc., sec. 581; Pen. Code, sec. 484.)

*A. L. Hart*, for Respondent.

The acts recited in the judgment show a clear case of contempt. (Code Civ. Proc., sec. 1209, subds. 4, 7; *King*

v. *Barnes*, 113 N. Y. 476; *O'Mahoney* v. *Belmont*, 62 N. Y.
133; *Biggs* v. *Garrard*, 6 B. Mon. 484; 44 Am. Dec. 778.)
An affidavit, though inartificially drawn, which charges
the existence of facts sufficient to constitute contempt,
is sufficient to sustain a judgment of conviction as
against a collateral attack. (*Ex parte Ah Men*, 77 Cal.
198; *Ex parte Kearney*, 55 Cal. 228.)

PATERSON, J. — The petitioner was adjudged guilty of
contempt by the superior court of Sacramento County,
and seeks to be discharged from custody by this proceed-
ing, on the ground that the commitment and judgment
are void. The commitment is a certified copy of the
judgment. The recitals in the judgment show that on
the twenty-second day of August, 1869, an action of
claim and delivery was commenced by the petitioner
against Salome E. Acock and Nellie T. Halsey for the
recovery of some wheat and barley then in the possession
of one W. K. Lindsay, as the agent of the defendants
in said action; that a proper affidavit and undertaking
on claim and delivery were made by the plaintiff in said
action, and an order was indorsed upon said affidavit,
directed to the sheriff, requiring him to take said prop-
erty from the possession of the defendants; that, in pur-
suance of said order, said property was taken by the
sheriff into his possession and held by him until the
fourth day of September, 1889; that on August 30th,
seven days after the service of the summons and other
papers in said action upon defendant Halsey, the defend-
ants therein executed and delivered to the sheriff an un-
dertaking, which was afterward approved by the judge
of said superior court, for the delivery of said property
to him; that this undertaking was approved, after a
regular justification of the sureties, on the third day of
September, 1889, and was caused to be filed by the
judge on that day; that " thereupon said Acock wrong-
fully, and for the purpose of preventing the return of

said property to said defendants, did procure said Ed.
Treganza, the keeper of said property, to remove the
same from the land of one W. K. Lindsay, where the
same had been seized by the sheriff and was being kept,
onto the land of said Acock, which removal was without
the knowledge or consent of said sheriff; that immedi-
ately after the removal of said property, to wit, on the
fourth day of September, 1889, the attorneys of said
Acock, at his instance, and in his presence, and with the
intent and purpose on the part of said Acock of prevent-
ing said return of said property, did dismiss said action
while the said property was in the hands of said sheriff,
as aforesaid, and thereupon the said Acock did, imme-
diately after said dismissal, and on the same day, go to
the place where said property was situated, and while the
same was still in the possession and under the control of
the sheriff of said county of Sacramento, and was by
him held as an officer of this court and under the process
of this court, did then and there falsely represent to said
keeper that said case had been settled, and thereupon, in
disrespect of this court and its process, the said Acock
did unlawfully and forcibly take the said property into
his possession, without the previous consent or knowl-
edge of the sheriff of said county of Sacramento, did pro-
vide himself with wagons, and did load the said property
so held by the said sheriff upon said wagons, and did
haul away, sell, and convert the same to his own use, all
of which was done without the knowledge or consent of
the defendants in the said action, and with the intent to
evade the process of said court, and to prevent the said
defendants from getting possession of said property from
said sheriff, in pursuance of their said bond for a re-
delivery thereof; that it appears to the court, from the
evidence in said cause, and the court finds, that the said
action was not commenced or prosecuted in good faith,
but was commenced and prosecuted with the intent and
purpose on the part of said Acock of using said court

and its process in an improper effort to obtain the possession of said property in an unlawful manner, without having previously tried the title of said property or obtained a judgment in said action."

The petitioner claims that the facts stated in the judgment are not supported by the testimony taken at the hearing, but admits that, under the decisions of this court, they are conclusive in this proceeding. He contends that the judgment is void for the following reasons: 1. Material allegations of the affidavits are made upon information and belief; 2. The facts alleged do not show any abuse of the process of the court, or any offense for which the court could adjudge him guilty of contempt.

1. Whatever the rule may be with respect to the rights of persons held for examination under an attachment which has been issued upon an affidavit made on information and belief alone, we do not think that, after a full and fair hearing, in which the prisoner has been given full opportunity to present his defense to the charge made against him, a judgment of conviction can be held to be void because some of the charges are made on information and belief. It would be impossible in many cases of contempt committed out of the presence of the court to secure the apprehension or conviction of the guilty parties, if every fact essential to sustain the judgment were required to be stated in positive terms. In the case at bar, if the moving parties had been required to state positively upon oath that the petitioner was the person who removed the grain, the proceedings probably could not have been instituted. We think, at least, that after judgment the point made is not well taken. (*Ex parte Ah Men*, 77 Cal. 198; *Ex parte Kearney*, 55 Id. 228.)

2. A great many reasons are assigned for the contention that the facts stated constitute no offense. It is said that the action had been dismissed, and no contempt could be committed unless the litigation was pending; that if any offense was committed, the remedy was by

criminal action; that there was an adequate remedy by action at law on the undertaking; that no process or order was abused or violated, and no deceit was practiced; that there was no rescue of property in the hands of an officer, and no such charge was made against him in the affidavits, yet the court found him guilty of that offense, thus going beyond the issues; that petitioner was entitled to the possession of the property, under section 514 of the Code of Civil Procedure, because the time within which the defendants could give a counter-bond and claim the property had expired before he took the property from the keeper.

We have carefully considered all of these points, and are unable to agree with counsel for petitioner. If the facts stated are true,—and they cannot be assailed here as contrary to the evidence,—the acts of petitioner were contempts within the meaning of section 1209 of the Code of Civil Procedure. That section provides that "the following acts, . . . . in respect to a court of justice or proceedings therein, are contempts of the authority of the court: . . . . 4. Deceit or abuse of the process or proceedings of the court by a party to an action or special proceeding; . . . . 7. Rescuing any person or property in the custody of an officer by virtue of an order or process of such court." (See also *Biggs* v. *Garrard*, 6 B. Mon. 484; 44 Am. Dec. 778; *King* v. *Barnes*, 113 N. Y. 476.) And if the facts stated are true, it is clear that the petitioner could not, by a dismissal of the action, shield himself from the legal consequences of his acts. The fact that the petitioner may be prosecuted in criminal and civil actions does not prevent a prosecution for contempt. A party may be liable civilly and criminally for an assault upon an officer in open court, and at the same time may be punished for the indignity laid upon the court.

We think the findings of fact are within the issues. It was alleged that the petitioner deceived the officer of

the court, and thereby unlawfully converted the property to his own use; that he abused the process of the court, and used the same for a purpose wholly at variance with the purpose for which it was issued, and to deprive the owners of it and appropriate it to his own use; that the grain was removed from the farm of Lindsay with the consent and connivance of petitioner, and for the purpose of placing the property in a position which would enable him, by a dismissal of the action, to unlawfully take the same and deprive the defendant thereof.

The summons was not served on the defendant S. E. Acock until August 26th, and she made a demand and gave an undertaking for the return of the property on August 30th. Each one of the defendants was entitled to claim the redelivery of the property at any time within five days after service of notice upon her. Upon the giving of the undertaking within the five days after service upon defendant Acock, it was the duty of the sheriff to hold the property until the sureties justified, and upon such justification to turn it over to her. (Code Civ. Proc., secs. 514, 515.) It is found that, after the giving of said undertaking and justification by the sureties, the petitioner knowingly, and for the purpose of preventing the return of the property to the defendants in the action, removed the property from Lindsay's ranch and dismissed the action.

We have examined the cases cited by counsel for petitioner, and find nothing in them which, taken in connection with the provisions of our code, cited above, support the contentions made herein against the validity of the judgment.

The prayer of petitioner is denied, and the petitioner is remanded into the custody of the sheriff of Sacramento County.

McFarland, J., Sharpstein, J., Fox, J., and Thornton, J., concurred.