[Crim. No. 145. Fourth Appellate District.—March 9, 1932.]

In the Matter of the Application of E. MORELLO for a Writ of Habeas Corpus.

H. A. Savage for Petitioner.

Glenn M. DeVore, District Attorney, and Arthur C. Shepard, Deputy District Attorney, for Respondent.

BARNARD, P. J.—Petitioner seeks his release on *habeas corpus* on the ground that he is unlawfully imprisoned by the sheriff of Fresno County. The facts may be briefly stated as follows: On April 20, 1931, in an action then pending in the Superior Court of Fresno County, one W. H. A. Truxaw was appointed receiver and placed in possession of certain real property involved in that action. On December 18, 1931, while said receiver was still in possession of said property under appointment by said court, the petitioner herein, without permission of the court, demanded possession of the property and the keys to the house thereon from one Hardwick, who was actually in possession of the property, acting for the receiver, and on that day petitioner took possession of the property. On December 28, 1931, one Levy, who was a defendant in the action in which the receiver was appointed, presented to the court an affidavit setting forth the facts as to the appointment of the receiver and his possession of the property; that about the eighteenth day of December, 1931, the petitioner herein, without authority and against the consent and permission of the receiver and of the defendants, took possession of the property and still remains in possession thereof; that on or about the twenty-second day of December, 1931, the receiver notified this petitioner in writing to remove from the premises and return possession thereof to the receiver; and that at that time the petitioner stated that he cared nothing about court orders and that he was going to keep the property. The court ordered the citation to issue, citing petitioner to appear to show cause why he should not be punished for contempt of court in dispossessing the receiver. The cita-

tion issued on January 4, 1932, and in response thereto this petitioner appeared on January 15, 1932, before the superior court. The matter was partially heard on January 15 and finally, on January 27, 1932, petitioner was adjudged to be in contempt of court and fined, with the alternative of going to jail if the fine was not paid. Petitioner surrendered himself to the sheriff and applied for this writ. The petition alleges the making of the affidavit by Levy, a copy of which is set forth; the making of the order for a citation to issue; the issuance of the citation; the appearance of the petitioner; that he moved to quash the proceedings for lack of jurisdiction; that he filed a demurrer to the affidavit of Levy; that he filed an answer, a copy of which is attached; that testimony was taken; and that an order was made finding him guilty and prescribing the punishment therefor, a copy of which order is attached to the petition. The petition then alleges that petitioner is illegally restrained, for the following reasons:

"1. That the aforesaid affidavit of Melville Levy charging Petitioner with contempt of Court is insufficient and does not state facts sufficient to constitute a contempt of Court by virtue thereof.

"2. That the said citation issued by said Clerk is void for the same reason.

"3. That the evidence received by said Court in the hearing of said matter was and is insufficient and does not show that Petitioner committed a contempt of Court.

"4. That said order finding Petitioner guilty of contempt and punishing him therefor is void for the reason that the Court was without jurisdiction to make said order."

Two questions are thus presented. First, whether the affidavit was sufficient to confer jurisdiction upon the court and, second, whether the evidence is sufficient to show the commission of a contempt.

Taking up the first of these questions, it is alleged in the petition that the order for citation and the citation were based upon this affidavit of Levy and the point is raised that this affidavit is insufficient, in that it does not state facts sufficient to constitute a contempt of court. The only deficiency in the affidavit which is called to our attention or argued by the petitioner is that it is not sufficient because it was not made by the receiver himself, the peti-

tioner relying on a portion of section 1211 of the Code of Civil Procedure, reading as follows:

"When the contempt is not committed in the immediate view and presence of the court, or judge at chambers, an affidavit shall be presented to the court, or judge, of the facts constituting the contempt, or a statement of the facts by the referees or arbitrators, or other judicial officers."

This contention does not particularly commend itself to us for the reason that there has been presented here the entire record of the proceedings in the court below, and from these · proceedings it appears that this objection was not there presented, but it does appear that the affidavit was there treated as sufficient. The defense relied on was that no act of contempt was committed since the property was surrendered to the petitioner upon demand, without the use of any force. However, taking up the contention on its merits, the section of the code relied upon plainly states that the matter shall be presented by an affidavit of the facts constituting the contempt *or* by a statement of the facts by the judicial officer. We are unable to interpret this as meaning that an affidavit which sets forth sufficient facts to constitute a contempt arising through interference with a receiver, must be made by the receiver himself and cannot be made by another person or party who is in possession of the facts. In our opinion, the affidavit here in question was sufficient, as against the attack made upon it, to give the court jurisdiction to proceed in the matter.

While the only question, aside from the sufficiency of the evidence, raised in the petition before us is the sufficiency of this affidavit to confer jurisdiction, in the respect named, the petitioner in his brief proceeds to argue that no proper service was had upon him, in that the court's order for a citation directed the service upon him of two affidavits, namely, this one by Levy and another one by Truxaw, the receiver, and that the court did not acquire jurisdiction since the Truxaw affidavit was not served upon him; and also for the reason that the Levy affidavit served upon him did not have attached thereto a copy of "Exhibit A", which was referred to therein. There is nothing in the record before us, so far as we can find, which shows that copies of both affidavits were not served on petitioner. The affidavit of Levy appears in the original record before us, and it is

true while it contains a reference to an "Exhibit A", no such exhibit appears attached thereto. However, it appears from the reference thereto that "Exhibit A" related to something that happened after the alleged contempt was committed and was in no way material to the hearing in the court below or to this proceeding. And, further, it in no way appears, either here or in the proceedings in the court below, that the petitioner was not served with both a copy of Levy's affidavit and this "Exhibit A". It may also be observed that petitioner alleges in his brief that at the hearing in the superior court, his counsel called the court's attention to the fact that, while both affidavits were ordered to be served, the so-called "Exhibit A" was not attached or served. Petitioner having referred only to this immaterial omission in the Levy affidavit, and made no objection that the Truxaw affidavit was not served, while at the same time calling attention to the court's order that both affidavits should be served, the court was justified in considering it admitted that both affidavits had been served. No other objection to the service of the papers was made at the hearing, and no attack at all upon the service is found in the petition now before us. Under such circumstances, we feel justified in concerning ourselves only with the claims of illegality set forth in the petition, especially since the necessary facts are not before us.

The second question presented is whether the evidence is insufficient to show the commission of a contempt of court. The court had before it at least the Levy affidavit and the answering affidavit of this petitioner. In his affidavit petitioner admits the appointment of Truxaw as receiver and that he was in control and possession of the property until about the eighteenth day of December, 1931. After denying that he took possession of the property without the authority and against the consent of the receiver, the petitioner admits that he is now in possession of the property and alleges as follows:

"Alleges that on or about the 18th day of December, 1931, this affiant went to the said Receiver and asked the said Receiver for the keys to the house located on said Paradise Vineyard, and that said Receiver turned over the said keys to this affiant voluntarily;

"Alleges that affiant then and there told said Receiver that he was president of Paradise Vineyards, Inc., a corporation, that said corporation was the owner and holder of the fee simple title to said lands and premises known as Paradise Vineyard, that said premises had theretofore been sold to Harry Faith and Melville Levy, defendants in this action, under a written agreement wherein and whereby the said Faith and Levy agreed to make certain payments which they had failed and defaulted in making, and that by reason of said breach the said Paradise Vineyards had a right under said agreement to reenter and take possession of said premises; and that they would immediately do so."

He then alleges that at the time he took possession of the property there was pending in the superior court a report by the receiver with a petition for his discharge as such receiver, and that the receiver was subsequently discharged. At the hearing, the receiver testified that he had not given possession of the property to the petitioner and had not given him permission to go upon the place. We think a flagrant case of contempt of court here appears, not only from the original affidavit, but from the answer of the petitioner himself. (*Strain* v. *Superior Court,* 168 Cal. 216 [Ann. Cas. 1915D, 702, 142 Pac. 62].) If it is not contempt of court to take property away from a receiver who has been duly appointed by a court for the very purpose of holding and caring for that property, we are at loss how to name such a performance.

Some contention is made that at the hearing of the contempt proceedings the court refused to hear evidence in favor of the petitioner. While no witnesses testified for the petitioner, the court gave him the widest latitude in cross-examining two witnesses who testified against him, during which the court finally interrupted petitioner's counsel, whereupon this counsel admitted "This is a little far afield." Thereupon, the court stated that he was only interested in whether or not the property had been taken from the receiver. The court then announced an adjournment to a later date, whereupon counsel for petitioner stated: "If the Court please, we want to present at that time what actually occurred. We take the position we didn't take any steps whatever except with consent." At the next hearing, when the court asked if the matter had been

submitted, counsel for petitioner stated that he had asked permission to put on evidence and he understood that the court had denied it, whereupon the court said: "You may state what your evidence would be." Counsel then stated in effect that he wanted to prove that the property had been voluntarily surrendered to them upon their demand and that they had directed the receiver's agent upon the premises to call the receiver and ascertain whether he would oppose giving them possession. The court refused to allow such evidence and proceeded to pronounce judgment. It thus appears that the petitioner then, as now, relied on the claim that his act in demanding and taking possession of the property was proper since no force was used. While admitting that he demanded the possession and keys from the receiver and took possession of the property, he contends that the surrender of possession was voluntary on the part of the receiver and, therefore, he was not in contempt of court. We are unable to agree with this contention. It fully appears that the petitioner knew that the property was in the possession of a receiver appointed by the court; that he went to the place in the absence of the receiver and demanded the keys from an employee of the receiver, who was found upon the property; and that he thus took the possession away from an officer of the court. We think this constituted contempt of court whether force was used or not, and that the facts sought to be shown, to the effect that actual force was not used in obtaining possession, were immaterial and constituted no defense. Petitioner set forth in his answering affidavit that when he demanded possession he told them he "had a right under said agreement to reenter and take possession of said premises; and that they would immediately do so". Whether or not the person in charge put up a fight, or telephoned the receiver to inquire as to how much of a fight he would put up, was not material.

In his oral argument, counsel for petitioner assumed the blame and stated that the acts committed by the petitioner were done upon his advice. It was attempted to excuse these acts on the ground that the court was about to discharge the receiver in any event. In our opinion, instead of excusing, this tends to aggravate the offense, emphasizing as it does, how unnecessary the acts were. Counsel knew

that the receiver was in charge under appointment by the court and we refrain from further comment except to say, as was said in *Houser* v. *Superior Court, ante,* p. 31 [8 Pac. (2d) 483, 485]: "Until vacated or other legal proceedings were had which might result in the order being set aside, such order should have been treated as binding and in full force and effect, especially by an attorney at law whose bounden duty required him to maintain the respect due to courts of justice (subd. 2, sec. 282, Code Civ. Proc.), and to refrain from disobedience of any lawful judgment, order, or process of the court (subd. 5, sec. 1209, Code Civ. Proc.)."

The petition is dismissed and the petitioner is remanded.

Marks, J., and Jennings, J., concurred.