[Crim. No. 3153.   Second Appellate District, Division Two.—November 16, 1938.]

In the Matter of the Application of ARTHUR F. LARRABEE for a Writ of Habeas Corpus.

Lee Stanton and Sherman & Sherman for Petitioner.

Buron Fitts, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

CRAIL, P. J.—This case comes before us on a writ of *habeas corpus,* the petitioner contending that he is illegally held by the sheriff under an order of the superior court finding him guilty of contempt of court.

The sheriff makes his return that the petitioner is held upon the following commitment: ''It appearing to the Court that a judgment was entered on the 22nd day of June 1938 in Dept. 8, of the above entitled court, ordering the defendant Arthur F. Larrabee to pay to the plaintiff $200.00, attorney

fees, $75.00 per month for support of plaintiff and minor children, and $15.00, court costs, and it further appearing that *the defendant was present at the time of trial and heard said order pronounced* . . . and that he had knowledge of the order, and has had ability to comply with the same, but has wilfully refused to do so, and that the same has not been complied with, and the court having ordered the defendant to appear and show cause on Oct. 3rd, 1938, in Dept. 8, why he should not be punished for contempt of court in wilfully failing to comply with the said order of Court, and the defendant now appearing in court, the court finds that the defendant has had the ability to comply with the said order of the court, but has wilfully failed and refused, and still does wilfully fail and refuse to comply with the said order of the court; therefore it is ordered that the said defendant Arthur F. Larrabee be and he is now sentenced to Five days in the County Jail, commencing forthwith.'' The return of the sheriff was deemed to be true (*In re Collins,* 151 Cal. 340 [90 Pac. 827, 91 Pac. 397, 129 Am. St. Rep. 122]; *In re Gutierrez,* 1 Cal. App. (2d) 281 [36 Pac. (2d) 712]), and the petition for the writ was treated as a traverse.

■ The first contention of the petitioner is that there was no competent evidence at the hearing of June 22, 1938, to support the finding that the petitioner had disobeyed the prior order of March 17, 1938. The petitioner has failed to set forth either in his petition or in any traverse the evidence taken at the hearing on June 22, 1938. The rule has been stated in the case of *In re Foss,* 123 Cal. App. 542, 544 [11 Pac. (2d) 676], as follows: ''No record of the oral testimony taken upon the hearing upon the order to show cause is before us on this proceeding. The order of commitment recites the facts upon which it was based and those facts must be taken as true.''

■ The petitioner's next contention is that the divorce action, out of which the order to show cause arose, had been dismissed on July 14, 1938, and that the court was without jurisdiction on October 3d to entertain any proceedings in said action. Petitioner's contention is that the order for payment of attorney fees was merely an interlocutory order which fell with the dismissal of the action for divorce, but this contention is not meritorious. The order for attorney fees which had matured was in the nature of a judgment.

(*Robbins* v. *Mulcrevy*, 101 Cal. App. 300 [281 Pac. 668] ; *Biltmore Drug Store* v. *Superior Court*, 101 Cal. App. 363 [281 Pac. 710].) And the precise question of whether the court lost the power to punish for contempt where a divorce case had been dismissed was decided adversely to petitioner in the case of *In re Robbins*, 212 Cal. 534 [299 Pac. 51] ; see, also, *Ex parte Acock*, 84 Cal. 50 [23 Pac. 1029].

The petitioner next contends that he was deprived of due process of law in the hearing on October 3, 1938, (1) in that he was denied his constitutional right to be represented by counsel, (2) in that he was denied a court reporter to record the proceedings, and (3) in that he was sentenced and convicted without any evidence or hearing at that time. As to number (1) he was represented by counsel but his counsel was away at some other hearing and petitioner spoke for himself. As to a court reporter (2) he cites us to Penal Code, section 869. This section makes the appointment of a stenographic reporter within the discretion of the judge, and there is no showing that the discretion has been abused. (3) The statement of petitioner that the court sentenced him without any evidence or hearing is not supported even by his own petition, as the petition shows that the court had before it the affidavit of a Mr. Lyon upon which the order to show cause of October 3d was based, and that there was no answer, counter-affidavits or other evidence on behalf of the petitioner, and therefore the allegations of the affidavit were deemed to be admitted.

Finally, the petitioner contends that he is confined for failing to pay attorneys' fees to the attorneys who at the time the order was made were attorneys for the wife, and that the order of the court does not direct petitioner to pay attorneys' fees to said attorneys. There is nothing in the record to support such a contention. The court by its order of June 22d ordered the petitioner to pay to his wife the sum of $200 as attorneys' fees, and this is the order upon which the petitioner was found guilty of contempt. It must be borne in mind that it was neither the wife nor the former attorneys for the wife against whom the contempt was committed, but the court. There is no merit in the contention that the attorney could not sign the affidavit alleging the contempt. An affidavit charging a person with contempt may be made by any person who is in possession of the facts.

(*In re Morello,* 121 Cal. App. 480 [9 Pac. (2d) 565].) We see no valid ground for ordering the discharge of petitioner. Order of discharge denied and petitioner remanded.

Wood, J., concurred.

McComb, J., dissented.