[Crim. No. 7929.   Second Dist., Div. Three.   Nov. 21, 1961.]

In re DENYS D. SHELLEY on Habeas Corpus.

Hertzberg and Geretz for Petitioner.

Harold W. Kennedy, County Counsel (Los Angeles), and Robert C. Lynch, Deputy County Counsel, for Respondent.

Edgar R. Bardin for Real Party in Interest.

FRAMPTON, J. pro tem.* — Petitioner seeks his release from custody after having been sentenced to the county jail for contempt of court. His commitment was the result of a hearing on an order to show cause ancillary to a divorce action filed by his wife. He claims he was denied his constitutional right to be represented by counsel at such hearing.

The petition herein was verified and filed by petitioner's counsel. It alleges on information and belief that petitioner was present in the lower court without counsel on September 21, 1961, the time set for the hearing; that petitioner advised the court he had counsel but his counsel at the time was engaged in the trial of a matter in the federal court; that petitioner asked the lower court for a postponement of the hearing for a reasonable time so that he could be represented by counsel, but the court arbitrarily refused such request; that petitioner told the court he could not properly present his evidence without the presence and aid of his attorney. It further appears from the petition that ''Petitioner alleges on information and belief that the said Minute Order confining petitioner is not supported by sufficient evidence, and that said committment [sic] of petitioner is without probable cause. It is necessary for petitioner to allege the above fact on information and belief due to the fact that no reporter was present at the hearing so that petitioner is unable to attack said order on the basis of recorded evidence of said hearing.''

The writ was issued September 27, 1961, returnable October 26, 1961. Petitioner was released on bond pending the hearing. October 26, 1961, the cause rested on the petition which set forth a copy of the minute order of the lower court made September 21, 1961, and the return to the petition which included the commitment. All of these combined did not furnish a clear picture of what transpired in the court below. This court then requested counsel for both sides to submit affidavits clarifying the record as it then existed and continued the hearing on the petition to November 16, 1961.

On November 9, 1961, real party in interest served on petitioner's attorney, by mail, the reply to the petition which was verified by the attorney for plaintiff below, who was present in court at all stages of the order to show cause proceedings, which reply set forth factually the occurrences leading up to petitioner's incarceration. This reply was filed

---

*Assigned by Chairman of Judicial Council.

herein on November 10, 1961. November 14, 1961, petitioner made, served and filed his affidavit. The reply of plaintiff below was mailed from the City of Beverly Hills to the office of petitioner's attorney at 3540 Wilshire Boulevard in the City of Los Angeles.

The certified record of the court below, supported by the reply of plaintiff's attorney, shows that petitioner first appeared without counsel for hearing on the order to show cause on September 7, 1961. The hearing was postponed to September 18, 1961, at petitioner's request and to allow him to procure counsel. On September 18, 1961, petitioner again appeared without counsel at which time the court questioned him about his having again appeared without his attorney, at which time petitioner informed the court that he did not have an attorney but hoped to have one at a later date, whereupon the court again continued the hearing to September 21, 1961, for the express purpose of allowing petitioner to obtain counsel. On September 21, 1961, petitioner appeared without counsel and was again questioned by the court as to why he did not have an attorney. Petitioner then informed the court that he could not get the attorney he desired and that he would act as his own attorney. The trial proceeded and at the conclusion of plaintiff's evidence the petitioner was advised that he had a constitutional right to refuse to take the stand and testify. Petitioner stated he did not want to testify and consequently did not take the stand.

Petitioner's affidavit shows that he was in the lower court on September 7, 1961; that the hearing was postponed to September 18, 1961, because of the illness of plaintiff below, and he did not request such continuance for the purpose of securing counsel; that on September 18, 1961, the hearing was continued to September 21, 1961, on the representation that the attorney who had represented petitioner all the way through on this matter was engaged elsewhere and had made the request of plaintiff's attorney to continue the matter. The court continued the hearing until September 21, 1961. On September 21, 1961, petitioner again appeared without counsel, and when asked by the trial judge where his attorney was and who he was, petitioner gave the name of his attorney and stated that he was still engaged in the federal court and for that reason could not appear, whereupon the trial judge stated in substance ''Carry on'' and the matter proceeded to trial.

There is nothing before this court upon which we could hold the evidence insufficient to sustain the commitment and petitioner's affidavit is wholly insufficient to show that he was deprived of his right to be represented by counsel. He makes frequent reference to his attorney who had represented him throughout the proceedings without naming him. No affidavit has been presented by an attorney stating that he represented petitioner at the time claimed and that he was engaged in the presentation of matters in the federal court at the time petitioner appeared for hearing on the order to show cause.

Real party in interest's reply to the petition alleges specifically that "On September 21, 1961, in Department 8A, Mr. Shelly [sic] again appeared without an attorney. Judge Roberts again questioned him about not having an attorney and Mr. Shelly [sic] informed the Court that he could not get the attorney that he desired. Judge Roberts again asked him if he was going to obtain counsel, and was informed by Mr. Shelly [sic] that he was not and that he, Mr. Shelly, [sic] would act as his own attorney."

There is no denial that the foregoing colloquy between the court and petitioner occurred on September 21, 1961, just before the commencement of the hearing although petitioner had ample time to make such denial in his affidavit, made after receipt and knowledge of the contents of real party in interest's reply to the petition.

A contempt proceeding arising out of a civil action is, in a broad sense, regarded as a criminal proceeding. (12 Cal.Jur.2d 74 and cases cited.)  The right of an alleged contemner to be heard in his defense is the same as that which is secured to a person accused of a crime. (*Freeman* v. *Superior Court*, 44 Cal.2d 533 [282 P.2d 857]; *In re Burns*, 161 Cal.App.2d 137 [326 P.2d 617].)  Due process in constructive contempt cases includes a reasonable opportunity to the accused to prepare and present his defense (*Ingold* v. *Municipal Court*, 85 Cal.App.2d 651 [193 P.2d 808]; *Collins* v. *Superior Court*, 150 Cal.App.2d 354 [310 P.2d 103]), and the right to be represented by counsel (*In re Larrabee*, 29 Cal.App.2d 240 [84 P.2d 224]).  The right to be represented by counsel may be waived either expressly (*People* v. *Ansite*, 110 Cal.App.2d 38 [241 P.2d 1036]; *People* v. *Linden*, 52 Cal.2d 1 [338 P.2d 397]), or by implication (*In re Jingles*, 27 Cal.2d 496 [165 P.2d 12]; *People* v. *Rogers*, 150 Cal.App.2d 403 [309 P.2d 949]).

In the instant case the record discloses that petitioner being fully aware of his right to be represented by counsel, expressly waived it and under such circumstances no violation of petitioner's constitutional right is shown.

The writ of habeas corpus is discharged. Petitioner is remanded to custody and his bond exonerated.

Shinn, P. J., and Ford, J., concurred.