[No. 14673.   Department One. — July 15, 1892.]

# C. H. POOLE, APPELLANT, v. ALICE S. WILBER, ETC., RESPONDENT.

ANNULMENT OF MARRIAGE — ALIMONY PENDENTE LITE — DETERMINATION OF ISSUES — REVIEW UPON APPEAL. — Upon the hearing of a motion for alimony *pendente lite* and counsel fees, in an action for the annulment of a marriage, the trial court cannot determine the issues raised by the pleadings, and the supreme court has no jurisdiction to determine them upon appeal from an order granting such motion, nor to determine the correctness of an order overruling a demurrer to the complaint.

ID. — ISSUE AS TO SUBSEQUENT MARRIAGE — ALLOWANCE OF ALIMONY. — Where the marriage is claimed to be a nullity, and is sought to be annulled on the ground of a previous marriage of the defendant with another person, but the defendant avers a subsequent marriage with the plaintiff after the disability was removed, and prays for alimony, upon appeal from an order allowing alimony to the defendant, it need not be considered whether the issue as to the subsequent marriage is sustained upon the hearing of the motion.

ID. — ALIMONY WITHOUT CLAIM FOR DIVORCE — CROSS-COMPLAINT OF WIFE. — Under section 137 of the Civil Code, which provides that the wife in case of desertion may maintain an action for permanent support without applying for a divorce, and that the court may, in its discretion, require the husband to pay alimony during the pendency of the suit, and money necessary for the prosecution of the action, a wife who is sued for the annulment of a marriage may file a cross-complaint for relief under that provision.

ID. — AMOUNT OF ALIMONY — DISCRETION AS TO ALLOWANCE. — Upon a motion for an order granting alimony *pendente lite* and counsel fees to the defendant, where the affidavits used upon the hearing show that the only property belonging to the parties or to either of them is a house and lot, to the procurement of which both parties contributed, the title to which is in the defendant, and which is occupied by her, but that it produces no income; that the defendant has no means of support, and that the plaintiff's income is about $145 per month, — an order by the court that the plaintiff pay to the defendant $45 per month, and $100 counsel fees, is not an abuse of discretion.

APPEAL from an order of the Superior Court of San Diego County granting alimony *pendente lite* and counsel fees.

The facts are stated in the opinion.

*Hunsaker, Britt & Goodrich*, for Appellant.

To constitute a valid marriage, the parties must be able to contract (*Graham* v. *Bennet*, 2 Cal. 506), and they must actually contract *in verba præsenti*.   (*Van Tuyl* v.

*Van Tuyl,* 57 Barb. 235; *Appleton* v. *Warner,* 51 Barb. 270; *Fenton* v. *Reed,* 4 Am. Dec. 244; *Cartwright* v. *Mc-Gown,* 121 Ill. 388; 2 Am. St. Rep. 105.) A subsequent marriage contracted while one of the contracting parties has a living husband or wife is absolutely null. (Civ. Code, secs. 61, 82.) The mere living together does not constitute a marriage. (*Letters* v. *Cady,* 10 Cal. 537.) Proof of living together is not proof of marriage. (*Kelly* v. *Murphy,* 70 Cal. 561; *Arnold* v. *Cheseborough,* 46 Fed. Rep. 700; *Cartwright* v. *McGown,* 121 Ill. 388; 2 Am. St. Rep. 105.) The fact that the defendant believed she was divorced did not make her so in fact. (*White* v. *White,* 105 Mass. 325; 7 Am. Rep. 526; *Thomas* v. *Thomas,* 124 Pa. St. 646; *Cartwright* v. *McGown,* 121 Ill. 388; 2 Am. St. Rep. 105, and notes.) Where the marriage is a nullity, alimony and court expenses cannot be allowed. (*Finn* v. *Finn,* 62 How. Pr. Rep. 89, and authorities cited; *Appleton* v. *Warner,* 51 Barb. 271; Civ. Code, sec. 137.) Even in actions for divorce, alimony and court expenses *pendente lite* are not allowed, unless the marital relations are either admitted, or if denied, proved to the satisfaction of the court, and the onus is upon the applicant to establish that fact with reasonable certainty; and she should produce the best evidence in her power. (*Collins* v. *Collins,* 80 N. Y. 4–10.)

*Works, Gibson & Titus,* for Respondent.

In cases of this kind, the court cannot stop, upon a preliminary motion for alimony, to determine the real question in issue, viz., whether the parties are married or not. The other necessary facts being shown, the court will, and should, compel the man who has enjoyed the privileges and rights of a husband for years to contribute sufficient means to the defendant to enable her to establish if she can that she is his wife. (1 Am. & Eng. Ency. of Law, 472; *Griffin* v. *Griffin,* 47 N. Y. 134; *Vandegrift* v. *Vandegrift,* 30 N. J. Eq. 76; *Brinkley* v. *Brinkley,* 50 N. Y. 184; 10 Am. Rep. 460; *North* v. *North,* 1 Barb. Ch. 241.) The facts alleged in the defendant's

answer and cross-complaint show a valid marriage. (*Sharon* v. *Sharon*, 75 Cal. 1; *Sharon* v. *Sharon*, 79 Cal. 633; *White* v. *White*, 82 Cal. 427; *Teter* v. *Teter*, 101 Ind. 129; 51 Am. Rep. 742; *Brinkley* v. *Brinkley*, 50 N. Y. 184; 10 Am. Rep. 460; *Betsinger* v. *Chapman*, 88 N. Y. 487, 496; *Hutchins* v. *Kimmell*, 31 Mich. 130; 18 Am. Rep. 165; *Dyer* v. *Brannock*, 66 Mo. 391; 27 Am. Rep. 359; *Meister* v. *Moore*, 96 U. S. 76; *Maryland* v. *Baldwin*, 112 U. S. 490; *Badger* v. *Badger*, 88 N. Y. 546; 42 Am. Rep. 263.)

HAYNES, C.—This appeal is from an order granting respondent alimony *pendente lite* and counsel fees, upon her motion for that purpose.

The complaint alleges a marriage with the defendant in 1881, that at the time of the marriage defendant had a husband living, from whom she had not been divorced, and on that ground plaintiff seeks to annul his said marriage.

Defendant's answer admits her marriage to plaintiff and her former marriage, alleges that her marriage to plaintiff was in good faith, believing she had been divorced, that they lived together as husband and wife from that time until April, 1891, when plaintiff deserted her; and further, that a divorce was obtained by her former husband March 31, 1882, and alleges: " That in the month of February, 1888, they removed to the city of San Diego, state of California, from which time they mutually consented to and did marry." Defendant also filed a cross-complaint, praying that the said marriage be declared legal, and for alimony.

Demurrers to the answer and cross-complaint were interposed by plaintiff, which were overruled, and upon defendant's motion, alimony, in the sum of forty-five dollars per month and one hundred dollars counsel fees, were ordered to be paid her by plaintiff.

A bill of exceptions was taken by plaintiff, setting out the pleadings and the affidavits of the parties for and against the motion. The affidavits are long, and except as to the former marriage of defendant and its ex-

istence at the date of her marriage to appellant, are irreconcilably conflicting.

Appellant contends that his marriage to defendant was void, that mere living together does not constitute a marriage, and that proof of living together is not proof of marriage.

These questions are not before us. The superior court could not have determined them and entered a judgment in the case upon the affidavits used upon the hearing of the motion. To decide these questions would be to exercise an original jurisdiction this court does not possess.

By overruling plaintiff's demurrers, the court below has decided that there is an issue between the parties, and the correctness of that ruling cannot be considered on this appeal.

Appellant's further contention, that where the marriage is a nullity alimony and court expenses cannot be allowed, is met by the issue raised as to a subsequent marriage after the disability was removed; and whether that issue is sustained by the affidavits used on the hearing of the motion we need not consider.

Appellant further contends that alimony and counsel fees can only be allowed under section 137 of the Civil Code in actions for divorce.

In *Galland* v. *Galland*, 38 Cal. 265, it was held that the provision for alimony made in the statute concerning divorces was not intended to be a prohibition of the granting of alimony in other cases; that such powers fall within the general jurisdiction of a court of equity, and exist independently of statutory authority. This case arose before the code was enacted, but section 137 of the Civil Code provides, among other things, that the wife may, in case of desertion, maintain an action for permanent support without applying for divorce, and in such action the court may, in its discretion, require the husband to pay alimony during the pendency of the suit, and money necessary for the prosecution of the action.

Respondent's cross-complaint is made under this provision, and entitles her to the relief granted by the order,

even if the court had no power to grant it had she rested on her answer to appellant's complaint.

The affidavits show that the only property belonging to the parties, or. to either of them, is a house and lot in the city of San Diego, to the procurement of which both parties contributed, the title to which is in respondent, and which has been occupied by her since the alleged desertion of her by appellant, but that it produces no income; that respondent has no means of support, and that appellant's income is about $145 per month.

We think the court did not abuse its discretion in making the order.

We therefore advise that the order appealed from be affirmed.

BELCHER, C., and FOOTE, C., concurred.

For the reasons given in the foregoing opinion, the order appealed from is affirmed.

PATERSON, J., HARRISON, J., GAROUTTE, J.