[L. A. No. 2912.   Department One.—December 5, 1911.]

JENNIE M. CLOPTON, Respondent, v. HOGGATT CLOP-
TON et al., Defendants; PEARL CLOPTON and HUGH
CLOPTON, Appellants.

ACTION FOR MAINTENANCE—MOTION FOR ALIMONY PENDING APPEAL—
SUBJECTING PROPERTY OF THIRD PERSON TO LIEN FOR ALLOWANCE—
NOTICE OF RELIEF SOUGHT.—Upon a motion made by the wife in an
action for her maintenance, for alimony and suit money pending
an appeal, property standing in the name of and claimed by third
persons, who had been made defendants in the action on the theory
that the conveyances thereof had been made to them by the husband
without consideration and to enable him to escape the wife's claim
for maintenance, cannot be subjected as against such persons to a
lien in favor of the wife for any allowance made on the motion, in
the absence of notice to such claimants that such relief is asked.

ID.—NOTICE REQUIRED OF APPLICATION FOR ALIMONY.—An application
for counsel fees, etc., *pendente lite*, though it cannot be considered
as a separate suit, is a proceeding for a separate judgment, and
notice of the application and an opportunity to be heard thereon
are essential.   Such an application must be determined upon the
evidence introduced on the hearing thereof.

ID.—ABSENCE OF NOTICE OF CLAIM OF LIEN.—An order for alimony, etc.,
pending appeal, in so far as it subjects the property of such
claimants to a lien for the allowance made, cannot be sustained,
where neither the written notice of the motion nor the oral motion
in court, gave any indication that the wife sought anything more
than an order requiring her husband to pay her certain sums of
money.

APPEAL from an order of the Superior Court of Los
Angeles County directing the payment of alimony and suit
money pending an appeal in an action for maintenance. Z. B.
West, Judge presiding.

The facts are stated in the opinion of the court.

Kendrick & Ardis, for Appellants.

H. T. Gordon, and John E. Daly, for Respondent.

ANGELLOTTI, J.—Plaintiff recovered judgment in an
action brought by her to obtain a decree requiring defendant,

Hoggart Clopton, her husband, to pay monthly a certain sum for her maintenance and support. The judgment therein required said defendant to pay her seventy-five dollars per month for maintenance, as well as two hundred and fifty dollars for her counsel fees. Pearl Clopton and Hugh Clopton were parties defendant in said action, they being the respective grantees of said Hoggatt Clopton of certain parcels of real property owned by him at the time of his marriage to plaintiff, the theory of plaintiff being that the conveyances to them by her husband were without consideration and were made to enable him to escape her claim for support and maintenance. On July 1, 1910, the defendants' motion for a new trial was denied. An appeal was taken by all the defendants from the order denying the motion for a new trial, which appeal is still pending.

During the pendency of this appeal plaintiff gave to the defendants written notice of a motion to be made November 14, 1910, for an order requiring defendant Hoggatt Clopton to pay plaintiff five hundred dollars as attorneys' fees for prosecuting the suit on appeal, and fifty dollars as suit money in preparing her brief and otherwise appearing in the supreme court.

On November 14, 1910, pursuant to such notice, plaintiff orally moved the court for an order requiring defendant Hoggatt Clopton to pay to plaintiff five hundred dollars for her attorney fees on such appeal, and one hundred dollars per month for alimony and support of plaintiff pending such appeal, and fifty dollars suit money for preparing her briefs and otherwise appearing in the supreme court.

Nothing was said either in the written notice or in the motion itself about making the land conveyed to Pearl Clopton and Hugh Clopton liable for any of the amounts that might be ordered paid, or subjecting any of such land to a lien for the payment thereof.

Neither defendant Pearl Clopton nor Hugh Clopton is shown to have taken any part in the proceedings on the hearing of the motion, apparently assuming that no relief was asked against them or their property, which they were entirely warranted in doing in view of the terms of both notice and oral motion. Defendant Hoggatt Clopton alone objected to the introduction of evidence offered by plaintiff, excepted to

rulings made on such objections, and introduced evidence in opposition to the making of the order.

The motion being submitted for decision, the court made its order directing the payment of certain amounts by Hoggatt Clopton to plaintiff for expenses of appeal, and counsel fees on appeal, and providing "that this allowance be, and the same is hereby declared a lien upon all the property formerly standing in the name of said defendant, conveyed by him to his co-defendants Pearl and Hugh Clopton, and which was released from the former judgment in favor of the plaintiff against said defendant, situated in the county of Orange."

Pearl Clopton and Hugh Clopton alone appeal from this order, asking that it be reversed as to them.

No argument has been made or brief filed in support of the order in so far as it purports to impose any lien for the allowance made upon the property conveyed to and standing in the name of either Pearl Clopton or Hugh Clopton.

It is unnecessary for the purposes of this appeal to consider whether upon a motion of this character, property standing in the name of another than the husband and claimed by such other, can be subjected as against such other person to a lien in favor of the wife for any allowance made thereon, or whether there was any legal evidence adduced on the hearing of the motion warranting the imposition of such a lien in this case. Certainly no such lien can be adjudicated without notice to such claimant that such relief is asked. An application for counsel fees, etc., *pendente lite,* "though it cannot be considered as a separate suit, is a proceeding for a separate judgment," and notice of the application and an opportunity to be heard thereon are essential (*Baker* v. *Baker,* 136 Cal 302, [68 Pac. 971]), and such an application must be determined upon the evidence introduced on the hearing thereof. The only notice afforded appellants as to the claim of plaintiff on this motion was such as was given them by the written notice of the motion, and possibly the motion itself orally made in open court at the time fixed, if they were present in court at that time, in person or by their attorneys of record, and made no objection that no proper written notice thereof had been given. But there was no hint in either the notice or the motion itself that any such relief was asked, and there is nothing in the record on this appeal warranting the conclusion that appel-

lants were at any time advised that plaintiff sought anything more than an order requiring Hoggatt Clopton to pay to plaintiff certain amounts of money. As said by their attorneys in their brief "that part of the order (the part adjudicating a lien on the property they claim) does not appear to be on motion of plaintiff, but upon the court's own motion and without any notice."

The portion of the order reading as follows, viz.: "that this allowance be, and the same is hereby declared a lien upon all the property formerly standing in the name of said defendant, conveyed by him to his co-defendants Pearl and Hugh Clopton, and which was released from the former judgment in favor of the plaintiff against said defendant, situate in the county of Orange" is, as to appellants Hugh Clopton and Pearl Clopton, reversed.

Shaw, J., and Sloss, J., concurred.