## Anna Rothermel, Appellee, v. Valentine Rothermel, Appellant.

### Gen. No. 16,069.

1. AMENDMENTS AND JEOFAILS—*when nunc pro tunc order may be entered*. After the lapse of the judgment term a *nunc pro tunc* order may be entered if there is sufficient memorandum appearing of record to support it.

2. DECREES—*when jurisdiction to enforce exists*. Notwithstanding a final decree in a case the court has jurisdiction to enforce orders entered in the cause for the payment of alimony which orders have not been obeyed.

Separate maintenance. Appeal from the Superior Court of Cook county; the HON. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed December 22, 1911.

E. L. RICHTER, for appellant.

DAVID F. MATCHETT, for appellee; JAMES P. HAROLD, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

March 8, 1907, Anna Rothermel, appellee, filed her

bill of complaint in the Superior Court of Cook county against her husband Valentine Rothermel, appellant, for separate maintenance. March 29, 1907, upon the petition and motion of appellee, the court entered an interlocutory order upon the appellant ordering him to pay temporary alimony of eight dollars per week until further order of the court and in addition pay to the complainant the sum of $35 on or before April 29, 1907, as solicitor's fees.

April 16, 1907, appellant answered the bill. Subsequently on October 8, 1908, appellee filed an amended and supplemental bill of complaint, in which she asked for a divorce from appellant, and he filed his answer to the amended and supplemental bill. To the answer appellee filed a replication. On the hearing of the cause on October 21, 1908, the court entered a final decree granting appellee a divorce and giving her the custody of the children; and in the decree is the following provision:

"The court finds that the complainant is entitled to the sole possession of the household goods, furniture and personal property in her possession, and that the parties have agreed in open court that the retention by her of the said personal property, and the payment to her in open court of the sum of $100, by the defendant, shall be in full satisfaction of all claims that she may have for future alimony for herself as well as claims for solicitor's fees incurred by her upon this hearing. * * * * And it is further ordered, adjudged and decreed by the court, with the consent of and in accordance with the agreement of the parties made in open court, that the defendant is forever barred from any rights in the personal property now in possession of the complainant, and that the payment of the sum of $100 made by defendant to the complainant in open court shall be and is in full satisfaction by the complainant of all claims for future alimony for herself or solicitor's fees in this proceeding, but not in

satisfaction of unpaid alimony under former orders entered by this court.''

March 1, 1909, appellee filed her petition claiming and alleging that certain money was due her under the interlocutory order of March 29, 1907, that the same had not been paid, and asking that a rule be entered upon appellant to show cause why he should not be attached for contempt of court for failure to pay the alleged amount due her. Upon motion of appellee the court entered an order or rule upon appellant to show cause on March 6, 1909, why he should not be punished for contempt of court for failure to comply with the interlocutory order of March 29, 1907.

Appellant filed his answer to the rule denying that anything was due from him under the order, which answer the court on March 16, 1909, found to be inadequate and insufficient and ordered that further answer be made by appellant on March 20, 1909. On that day appellant filed a written motion to vacate the order of March 16, 1909. This motion on April 14, 1909, was denied by the court and the court thereupon ordered appellant to file a further answer to the rule by April 17, 1909, at which time appellant did file a further answer questioning and denying the jurisdiction of the court and denying that any money was due from him as claimed in the petition.

The court on April 19, 1909, entered an order finding that appellant had made no sufficient answer to the rule to show cause and adjudged him guilty of contempt of court and ordered that he be committed to jail, etc., until he pay $379 or until released by due process of law. From this order the present appeal is prosecuted.

The contention is that the order is void because the court had no jurisdiction to enter it, and second there was not competent evidence properly before the court sufficient to sustain a finding or order that appellant

had violated or failed to comply with any previous order of the court, or was guilty of any contempt of court, or that there was due from him $379 under and by reason of the previous order of the court.

A motion is interposed in this court to dismiss the appeal because it was not prayed in apt time and because the court had no jurisdiction to enter the order of May 19, 1909, granting the appeal, and because the appeal was not prayed for and allowed at the term the order appealed from was entered but at a succeeding term. The motion was taken with the case.

We are of the opinion that the motion must be denied. We think the *nunc pro tunc* order allowing the appeal was entered upon sufficient memoranda appearing of record.

In our opinion the contention of appellant that the court had no further jurisdiction over the parties or subject-matter in this case after the entry of the final decree and after the expiration of the term at which the decree was rendered is without merit. The court has jurisdiction at any time to enforce its decrees for alimony in proceedings of this character. O'Callaghan v. O'Callaghan, 69 Ill. 552; Wightman v. Wightman, 45 Ill. 167; Cavenaugh v. Cavenaugh, 106 Ill. App. 209.

In Cole v. Cole, 142 Ill. 19, the court says: "The power over the subject-matter of alimony is not exhausted by the entry of the original order but is under the statute continuing for the purpose at any time of making such alterations thereof as shall appear to the chancellor in the exercise of a judicial discretion reasonable and proper."

The alimony ordered to be paid, by the decree appealed from, accrued prior to the entry of the final decree for divorce. In our opinion the court had undoubted jurisdiction to enforce the alimony decree at the time when the order appealed from was entered; and we are of the further opinion that the evidence

contained in the record sustains the order.

The decree is affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE BALDWIN took no part in the consideration of the case.