[Civ. No. 7179. First Appellate District, Division One.—October 18, 1929.]

JULIUS ROBBINS, Petitioner, v. H. I. MULCREVY, as County Clerk, etc., Respondent.

TYLER, P. J.—*Mandamus* to compel respondent to expunge the entry of an order with reference to the payment of alimony *pendente lite* from the "Judgment Docket Book."

The facts show that on November 16, 1922, petitioner filed a complaint in an action for divorce; on February 14, 1923, defendant therein filed a demurrer to the complaint. On November 1, 1923, the court made an order directing petitioner to pay his wife $75 per month alimony *pendente lite*, and $150 attorney fees. Thereafter the attorney for de-

fendant caused said order to be entered in the "Judgment Book" and in the "Judgment Docket Book." On October 3, 1929, petitioner dismissed his action without prejudice to the bringing of a new one. Thereafter he demanded that the clerk expunge the entries from the books referred to, on the ground that he transcended his authority in making the entries, as the order for the payment of alimony and attorney's fees was not a judgment, and had no place therein. Upon the refusal of the clerk to comply with the request this proceeding was instituted.

█ The petition is without merit. A decree for temporary alimony in a matrimonial cause is, to all legal intents and purposes, a judgment, and not only a judgment, but, as to all matters upon which it takes effect, a final judgment. (*Clopton* v. *Clopton,* 161 Cal. 481 [119 Pac. 651]; 1 Cal. Jur., p. 960.) Although such an application is not a separate suit, it is a proceeding for separate judgment, independent of the final judgment in the action. The application is heard and determined upon a record of its own, and the decision thereon may be made and may be the subject of a direct appeal before the determination of the issues in the action. (*Estate of Smith,* 122 Cal. 462 [55 Pac. 249]; *Hite* v. *Hite,* 124 Cal. 389, 398 [71 Am. St. Rep. 82, 45 L. R. A. 793, 57 Pac 227]; 1 Cal Jur., p. 966.) █ Moreover, the application should have been made in the court below, in the first instance.

The application for the writ is denied.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 15, 1929, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 16, 1929.

All the Justices concurred.