[Civ. No. 6992.  Second Appellate District, Division One.—October 21, 1929.]

THE BILTMORE DRUG STORE (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Max Schleimer for Petitioner.

No appearance for Respondents.

CONREY, P. J.—In this proceeding petitioner seeks to prevent the enforcement of an order made by the Superior Court in a supplementary proceeding brought under section

717 of the Code of Civil Procedure, in aid of an execution issued pursuant to an order for the payment of alimony in a certain divorce action commenced by Julius Robbins, plaintiff, against Pauline Robbins, defendant. After the supplementary proceeding had been commenced the plaintiff filed a dismissal of his action.

■ It is contended that the order for payment of alimony and attorney's fees *pendente lite* became inoperative upon dismissal of the action, and therefore that petitioner cannot be examined under the order in supplementary proceedings. Petitioner contends also that supplementary proceedings can be based only upon a judgment, and that an order for the payment of alimony and attorney's fees *pendente lite* is not a judgment. In our opinion these contentions of petitioner are without merit. We do not doubt that upon the dismissal of the action further payments under the order would no longer accrue; but we think that payments which already had accrued and were due and payable remain so due and payable, notwithstanding dismissal of the action. In section 137 of the Civil Code, where the allowance of money necessary for the prosecution or defense of the action and for support and maintenance is authorized, it is provided that "execution may issue therefor in the discretion of the court." Section 140, contained in the same article and same chapter, authorizes the court to require reasonable security for providing maintenance, etc., and "may enforce the same by the appointment of a receiver, or by any other remedy applicable to the case." Section 717 of the Code of Civil Procedure is the section which relates to the examination on supplemental proceedings of debtors of a judgment debtor or of those having property belonging to him. It provides that "after the issuing or return of an execution against property of the judgment debtor," etc., these third parties above mentioned may be required to appear for examination. ■ The claim that an order for the payment of alimony *pendente lite* is not a judgment within the meaning of this statute ignores the fact that such order is in its essence, if not in name, a judgment. It has been so treated in the decisions. "The application for alimony, though it cannot be considered a separate suit, is a proceeding for a separate judgment, which, when granted, has nothing to do with the final judgment in the case, and will

not to be affected by it. It is a final judgment from which an appeal may be taken." (*Hite* v. *Hite*, 124 Cal. 389, 393 [71 Am. St. Rep. 82, 45 L. R. A. 793, 57 Pac. 227]. See, also, *Sharon* v. *Sharon*, 75 Cal. 1, 38 [16 Pac. 345]; *Simpson* v. *Simpson*, 21 Cal. App. 150, 154 [131 Pac. 99]; *Millar* v. *Millar*, 175 Cal. 797, 810 [Ann. Cas. 1918E, 184, L. R. A. 1918B, 415, 167 Pac. 394].)

The petition for writ of prohibition is denied.

York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 1, 1929, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 16, 1929.

All the Justices concurred.