[Crim. No. 1603. First Appellate District, Division Two.—November 6, 1930.]

In the Matter of the Application of JULIUS ROBBINS on Habeas Corpus.

Max Schleimer for Petitioner.

J. J. Lermen and G. K. Burgren for Respondent.

SPENCE, J.—Petitioner herein was adjudged guilty of contempt for failure to pay alimony *pendente lite* and attorney's fees in a divorce action and was committed to the county jail for five days. He seeks his release upon *habeas corpus.*

It appears that on November 16, 1922, petitioner filed a complaint for divorce and on February 14, 1923, the defendant in that action filed a demurrer to the complaint. On November 1, 1923, the court made an order directing petitioner to pay to the defendant $75 per month alimony *pendente lite* and $150 on account of attorney's fees. On

August 31, 1929, an order to show cause was duly issued by the court requiring petitioner to show cause why he should not be punished for contempt for failure to comply with said order. The order to show cause was returnable on September 20, 1929, and was served on petitioner on September 3, 1929. Several continuances were had upon the hearing of said order to show cause and petitioner was finally adjudged guilty of contempt and committed on September 3, 1930. In the meantime petitioner on October 3, 1929, filed a dismissal of the divorce action and on October 13, 1929, filed an amended dismissal.

It is conceded that the order for alimony *pendente lite* was in full force and effect up to the time of the dismissal of the action and that no payments were made in compliance therewith. No question is raised concerning the sufficiency of the evidence to show petitioner's ability to make the payments required. It is further conceded that the petitioner was adjudged guilty of contempt for failure to make payments which by the terms of the order had become due prior to the issuance of the order to show cause, which order to show cause was issued more than one month prior to the time that petitioner filed his dismissal.

Petitioner raises several points regarding the nature of the order for alimony *pendente lite* and the effect of the dismissal. Most of these have been answered adversely to petitioner's contentions in two proceedings heretofore decided involving this same order. (*Biltmore Drugstore* v. *Superior Court,* 101 Cal. App. 363 [281 Pac. 710]; *Robbins* v. *Mulcrevy,* 101 Cal. App. 300 [281 Pac. 668].) Petitioner's main contention is that upon his dismissal of the divorce action the court lost jurisdiction to punish him for contempt upon the pending order to show cause for failure to make payments which had accrued prior to the dismissal. We find no merit in this contention. Petitioner cites no authority in this state in support of this proposition. The authorities in other jurisdictions are not in accord. The case of *Hayes* v. *Hayes,* 150 App. Div. 842 [135 N. Y. Supp. 225], affirmed in 208 N. Y. 600 [102 N. E. 1104], is quoted at length by petitioner. It is apparent from reading that opinion that the New York decisions are not harmonious and the court there reluctantly followed the rule laid down in an earlier case which had been approved

by the court of appeals. In the absence of more persuasive authority than that which has been called to our attention, we are unwilling to subscribe to a doctrine holding that under the circumstances here involved the court may be deprived of jurisdiction to proceed with a pending order to show cause and the defaulting party relieved of the consequences of his contempt by the filing of a voluntary dismissal of the action.

The writ is discharged and the petitioner remanded to custody.

Nourse, P. J., and Sturtevant, J., concurred.