[Crim. No. 3412. In Bank.—May 1, 1931.]

In the Matter of the Application of JULIUS ROBBINS for a Writ of Habeas Corpus.

Max Schlcimer for Petitioner.

J. J. Lermen and G. K. Burgren for Respondents.

CURTIS, J.—Petitioner seeks his release upon *habeas corpus* from a commitment to the county jail for five days upon a judgment of contempt for failure to pay alimony *pendente lite* and attorney's fees in a divorce action. Pending the determination of his petition he is at liberty under bail.

On November 16, 1922, petitioner filed a complaint against his wife for divorce. On February 14, 1923, the defendant ·filed· a. demurrer to the complaint. On November 1, 1923, the court made an order requiring the petitioner to pay to the defendant $75 per month alimony *pendente lite* and $150 on account of attorney's fees. No payments were made in compliance therewith, and on August 31, 1929, an order to show cause was duly issued by the court requiring petitioner to show cause why he should not be·punished for contempt for failure to comply with the order of the court. The order to show cause which was returnable on September 20, 1929, was served on the petitioner on September 3, 1929. Several continuances were had upon the hearing of said order to show cause and on October 3, 1929, before the hearing of said order to show cause, petitioner filed a dismissal of the divorce action, and followed it on October 13, 1929, with an amended dismissal. On September 3, 1930, the petitioner was finally adjudged guilty of contempt and committed to the county jail for five days.

Application has previously been made to the superior court for a release of petitioner on *habeas corpus,* and also to the District Court of Appeal, and in both instances the application has been denied. (*In the Matter of the Application of Julius Robbins on Habeas Corpus,* 109 Cal. App. 363 [293 Pac. 96].)

Petitioner claims that the court by the dismissal of the divorce action was deprived of jurisdiction in the contempt proceedings. Petitioner's contention that the order for payment of alimony *pendente lite* was merely an interlocutory order which fell with the dismissal of the action for divorce, and was not in the nature of a judgment, has already been decided adversely to petitioner in the former cases of *Robbins* v. *Mulcrevy,* 101 Cal. App. 300 [281 Pac. 668] (hearing denied by the Supreme Court), and *Biltmore Drug Store* v. *Superior Court,* 101 Cal. App. 363 [281 Pac. 710] (hearing denied by Supreme Court).

The precise question of whether the court lost the power to punish for contempt was not involved in either of these actions. It has, however, been definitely settled by this court in the case of *Ex parte Acock,* 84 Cal. 50 [23 Pac. 1029], in which case the court said: ''It is said that the action had been dismissed, and no contempt could be committed unless the litigation was pending; . . . It is clear

that the petitioner could not, by a dismissal of the action, shield himself from the legal consequences of his act.''

The writ is discharged and the petitioner is remanded to custody.

Seawell, J., Richards, J., Shenk, J., Waste, C. J., and Langdon, J., concurred.

Rehearing denied. Application for stay of proceedings denied.