[Civ. No. 7144. Third Dist. Jan. 31, 1945.]

CLARENCE STONER, Petitioner, v. THE SUPERIOR COURT OF YOLO COUNTY, Respondent.

George I. Lewis for Petitioner.

Bradford, Cross & Prior for Respondent.

THOMPSON, J.—The respondent demurred to petitioner's application for a writ of certiorari, on the ground that it fails to state a cause authorizing the issuance of the writ.

The petition alleges that Clarence Stoner brought suit in the Superior Court of Yolo County against his wife Gertrude

Stoner, under section 82 of the Civil Code, for annulment of his marriage, on the ground that at the time of said marriage he had a living wife by a former marriage, which was then in force; that Gertrude Stoner demurred to that complaint on the ground that it failed to state facts sufficient to constitute a cause of action; that, upon motion of the defendant in that action under section 137 of the Civil Code, supported by affidavits, over the objection of plaintiff, the court made an order allowing the defendant $75 per month for maintenance and support pendente lite and $100 counsel fees, together with $10 costs; and that the court was without jurisdiction to make said order for the reason that the second marriage was void *ab initio*.

We are of the opinion the petition for a writ of certiorari fails to state a cause of action authorizing the issuance of the writ for the reason that the plaintiff in the annulment suit had a remedy by appeal from the order awarding maintenance pendente lite, counsel fees and costs. It is not alleged in the petition that the appeal from the order for maintenance, counsel fees and costs would not afford an adequate remedy, but it is immaterial, under section 1068 of the Code of Civil Procedure, whether the appeal afford an adequate remedy. If the right of appeal exists the writ of certiorari should not issue.

An appeal lies, in either a divorce suit or an action for separate maintenance or for annulment from an order granting or denying a party thereto alimony, counsel fees or costs. The order is a final judgment from which an appeal lies. (*Lincoln* v. *Superior Court*, 22 Cal.2d 304, 309 [139 P.2d 13]; *Coan* v. *Superior Court*, 14 Cal.2d 591 [95 P.2d 931]; *Robbins* v. *Mulcrevy*, 101 Cal.App. 300 [281 P. 668]; *Biltmore Drug Store* v. *Superior Court*, 101 Cal.App. 363 [281 P. 710]; *Allen* v. *Superior Court*, 133 Cal. 504 [65 P. 977]; *Hite* v. *Hite*, 124 Cal. 389, 393 [67 P. 227, 71 Am.St. Rep. 82, 45 L.R.A. 793]; *White* v. *White*, 86 Cal. 212 [24 P. 1030]; *Poole* v. *Wilber*, 95 Cal. 339 [30 P. 548]; 1 Cal.Jur. 966, § 20; 993, § 47.) In the Allen case, *supra*, which was a suit for annulment, the petition for a writ of mandamus to compel the court to try the cause on its merits, after refusal to do so until the plaintiff had first paid defendant alimony and suit money which had been allowed, was dismissed. In the Lincoln case, *supra*, and in the Hite case, *supra*, the

Supreme Court specifically held that such an order for maintenance, counsel fees or costs, is a final judgment from which an appeal lies. In 1 California Jurisprudence 993, section 47, it is said:

"An order granting or refusing suit money, like an order in respect to an allowance for support and maintenance pendente lite, is in effect a final judgment, and error in it is subject to correction by an appellate court. In fact, it is only by direct appeal from the order regarding suit money that error therein may be reviewed and corrected."

A writ of certiorari may be granted only when "there is no appeal" from a final order or judgment. (Code Civ. Proc., § 1068.) That is the invariable rule, even though the court is without jurisdiction to make the order or decree. (*Ivory* v. *Superior Court,* 12 Cal.2d 455, 459 [85 P.2d 894]; *Stoddard* v. *Superior Court,* 108 Cal. 303 [41 P. 278]; *Helbush* v. *Superior Court,* 99 Cal.App. 501 [278 P. 1062]; 4 Cal.Jur. 1052, § 24.) In the Stoddard case, *supra,* the court said:

"It may be readily admitted that the court had no jurisdiction to make the order; but, as the order is appealable, certiorari will not lie, because it lies only where 'there is no appeal.' (Code Civ. Proc., sec. 1068.) In this respect it differs from mandamus and prohibition, which lie '*in all cases* where there is not a plain, speedy and adequate remedy in the ordinary course of law.' "

In 4 California Jurisprudence, at page 1053, it is said, regarding the inapplicability of the writ of certiorari, when an appeal is afforded from an order or judgment:

"The fact that the appeal does not afford a plain, speedy and adequate remedy does not make any difference. The provision of the statute is explicit and governs."

For the foregoing reasons, the demurrer is sustained and the petition for the writ of certiorari is denied.

Adams, P. J., and Peek, J., concurred.