[Civ. No. 21825.   Second Dist., Div. One.   July 10, 1956.]

EDWIN S. DOUGLAS, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; FAY H. DOUGLAS, Real Party in Interest.

Bonpane & Dillon for Petitioner.

Harold W. Kennedy, County Counsel, for Respondent.

Jerrell Babb for Real Party in Interest.

NOURSE (Paul), J. pro tem.*—Petitioner is the plaintiff and cross-defendant in an action for divorce commenced by him in April, 1944.

On June 1, 1944, his wife filed an answer and cross-complaint in which she named as cross-defendants petitioner and Edwin S. Douglas, Jr.  On October 30, 1944, the respondent court made and entered an order requiring petitioner to pay to his wife as defendant and cross-complainant the

*Assigned by Chairman of Judicial Council.

sum of $250 per month as alimony pendente lite. On March 21, 1946, the cross-complainant filed what she entitled a supplemental cross-complaint naming as cross-defendants one Grace Kunkle; Telegraph Delivery Service, a corporation; Edwin S. Douglas, Jr.; and petitioner. On July 5, 1949, the court of its own motion dismissed the plaintiff's action pursuant to the provisions of section 583, Code of Civil Procedure. On July 7, 1949, the court dismissed the cross-complaint but denied petitioner's motion to dismiss cross-complainant's action, and proceeded to try the case upon the supplemental cross-complaint.

After the cause was submitted a mistrial was declared. Thereupon the cross-defendants other than petitioner here applied to this court for a writ of prohibition to restrain the court from taking any further proceedings against them, contending that the court was without jurisdiction and had abused its discretion in denying their motion to dismiss the action. On November 2, 1949, this court granted a peremptory writ of prohibition.[1] The writ that issued, so far as pertinent here, reads: "The People of the State of California to the Superior Court in and for the County of Los Angeles, and to the Honorable Clarence L. Kincaid, Judge thereof, Greeting:

". . . we do command you . . . that you absolutely desist and refrain from taking any further proceedings against or making any orders affecting *petitioners herein* in the above entitled proceedings. . . ." [Emphasis added.]

No order has been made dismissing the supplemental cross-complaint, although undoubtedly petitioner is entitled to have it dismissed.

Fay H. Douglas, cross-complainant and real party in interest here, has applied to the respondent court for a writ of execution for sums accrued and unpaid under the order of October 30, 1944. Respondent court has entertained this motion and will, unless restrained by this court, order a writ of execution to issue.

Petitioner here seeks to restrain the court from entertaining cross-complainant's motion or taking any action in the premises. Petitioner's contentions are: (1) That the respondent court is prohibited from acting by the writ of prohibition issued by this court and heretofore mentioned; (2) That the respondent court is without jurisdiction for the

---

[1] *Douglas* v. *Superior Court,* 94 Cal.App.2d 395 [210 P.2d 853].

reason that it is mandatory upon said court to dismiss said action because of the failure of Fay H. Douglas to bring her action to trial within the five-year period specified by section 583, Code of Civil Procedure; (3) That the dismissal of the cross-complaint by the respondent court on July 7, 1949, constituted a dismissal of cross-complainant's action, and that therefore the court is without jurisdiction to order execution to issue.

None of petitioner's contentions can be sustained.

■ The peremptory writ of prohibition issued by this court in 1949 did not prohibit the respondent court from taking further proceedings as against petitioner here. By its very wording the writ was limited to proceedings against the petitioners who had there sought the writ. Petitioner here was not one of them.

We will treat of the second and third contentions made by petitioner together, and will assume for the purposes of this decision that the dismissal of the cross-complaint constituted a dismissal of cross-complainant's action.

■ An order for the payment of alimony pendente lite "is to all legal intents and purposes a judgment" and the application for such an order, while not a separate action, is a proceeding for a separate judgment independent of the final judgment in the action; and the dismissal of the action or a judgment upon the merits in favor of the party against whom the order is made does not vacate that judgment but only terminates the right to alimony awarded by it. (*Robbins* v. *Mulcrevy*, 101 Cal.App. 300 [281 P. 668]; *Biltmore Drug Store* v. *Superior Court*, 101 Cal.App. 363 [281 P. 710]; *In re Robbins*, 212 Cal. 534 [299 P. 51]; *Rothermel* v. *Rothermel*, 166 Ill.App. 577; *Caldwell* v. *Caldwell*, 189 N.C. 805 [128 S.E. 329]; *Schlemmer* v. *Schlemmer*, 107 Mo.App. 487 [81 S.W. 636]; *Grattage* v. *Superior Court*, 42 R.I. 546 [109 A. 86]; *Dippel* v. *Dippel*, 15 Pa.Dist.R. 547.) It follows that the respondent court has jurisdiction to exercise the discretion vested in it by section 685 of the Code of Civil Procedure, and that the writ sought here must be denied (*Traffic Truck Sales Co.* v. *Justice's Court*, 192 Cal. 377, 380 [220 P. 306]).

The peremptory writ of prohibition prayed for is denied and the alternative writ heretofore issued is discharged.

White, P. J., and Fourt, J., concurred.