[Civ. No. 24247. Second Dist., Div. Three. Aug. 5, 1960.]

ALICE S. WILEY, Respondent, v. HARRY RONALD WILEY, Appellant.

Hill, Farrer & Burrill, John J. Wilson and Mark E. True for Appellant.

R. D. Sweeney and John L. Mace for Respondent.

SHINN, P. J.—This is an appeal by defendant from an order made on application of plaintiff in an action for divorce.

Mrs. Wiley applied for alimony pendente lite, costs, attorneys' fees and an accountant's fee. She also sought an order permitting the inspection and copying of books and records relating to property in which she claimed a community interest, but which Wiley claimed as his separate property. The matters were heard together. Upon the hearing the court made an order allowing the inspection and ordered Wiley to pay $1,000 a month temporary alimony, $638 in court costs, $8,000 directly to his wife's attorneys as fees for services rendered and to be rendered, and a $1,500 accountant's fee. The order was entered June 25, 1959; Wiley filed timely notice of appeal; upon the filing of an undertaking the order was stayed as to the award of fees and one-half the award of monthly support. Wiley died October 27th; M. B. Jackson was appointed special administrator of his estate and was ordered substituted as defendant in the case.

Defendant's first contention is that "The order for temporary alimony, attorneys' fees, and costs is a provisional remedy, dependent upon the pendency of the divorce action, and, when the action abated upon the husband's death, the order fell with it." We are unable to agree with this contention.

Defendant relies upon three New York cases holding that the dismissal of the action or the death of the husband prior to entry of a divorce decree serves to vacate an order for pendente lite alimony and counsel fees. He cites *Kellogg* v. *Stoddard*, 84 N.Y.S. 1015, *In re Thrall*, 42 N.Y.S. 439 and *Mittman* v. *Mittman*, 263 App.Div. 384 [33 N.Y.S.2d 211]. To the same effect is *White* v. *White*, 224 App.Div. 355 [231

N.Y.S. 146]. But we are not persuaded by the reasoning of these cases. Under the law of New York, an award of temporary alimony and counsel fees is merely a provisional remedy. (*Surut* v. *Surut*, 191 App.Div. 570 [181 N.Y.S. 631]; *Haas* v. *Haas*, 271 App.Div. 107 [64 N.Y.S.2d 11].) In *Kellogg* v. *Stoddard, supra*, it was held that amounts that had accrued to the time of the husband's death did not constitute valid claims against his estate, but in California the reverse is true.

It is clear that the action terminated upon Wiley's death in the sense that the court no longer had jurisdiction to grant a divorce (*Kirschner* v. *Dietrich*, 110 Cal. 502 [42 P. 1064]) or to make a further award of temporary alimony, counsel fees or costs of suit. (*Bevelle* v. *Bank of America*, 80 Cal.App.2d 333 [181 P.2d 730].) But the order of June 25th had the effect of a judgment with respect to the matters which it determined (*Clopton* v. *Clopton*, 161 Cal. 481 [119 P. 651]; *Robbins* v. *Mulcrevy*, 101 Cal.App. 300 [281 P. 668]), and had Wiley failed to appeal, any unpaid alimony which had accrued would have been chargeable to his estate as a preferred claim. (*Estate of Smith*, 122 Cal. 462 [55 P. 249].) The taking of the appeal did not annul or alter the character of the order. It has the effect of a judgment, enforceable as such when it becomes final. (*Caminetti* v. *Guaranty Union Life Ins. Co.*, 22 Cal.2d 759 [141 P.2d 423].)

It is said in appellant's brief ''In determining what amounts are reasonable, there must be a prima facie showing of three things—the existence of the marriage, the needs of one party, and the ability of the other to pay. (Citations.) It is to the third requirement, the ability to pay, that this appeal is primarily directed.''

Although it is argued that the amounts awarded for plaintiff's support, for attorneys' fees and other litigation expense were excessive, the presentation of this contention fails utterly to meet the mandatory requirements of appellate practice when express or implied findings of the trial court are claimed to be without support in the evidence.

The superior court file is before us with many exhibits, a reporter's transcript of 167 pages and three depositions that were taken on behalf of plaintiff. The hearing on the motion consumed one and a half days. It was upon the evidence taken on the hearing that the court made the order in question. Appellant, in his briefs, makes no attempt to state the material evidence, or the substance of it.

■ To deserve consideration of a claim of insufficient evidence there must be a statement of the evidence upon which the court found the facts. An appellant cannot thrust upon the respondent and the court the entire task of searching for evidence that lends support to questioned findings. (*Hickson* v. *Thielman*, 147 Cal.App.2d 11 at 15 [304 P.2d 122], and cases cited.)

In discussing the reasonableness of the allowances for support and litigation expense appellant confines his argument to a comparison of them with allowances that were held to be reasonable in a number of other cases; but such comparison, without regard to the facts of the other cases, are not helpful. It has never been questioned that it costs more to maintain some households than others and that the expenses of litigation cover a wide range.

■ It must be presumed that the court received evidence respecting the financial needs of plaintiff. Appellant's briefs do not mention the evidence upon this issue. It will therefore be presumed that it was sufficient to prove that $1,000 per month was a reasonable amount to be allowed for plaintiff's temporary support.

■ With respect to the attorneys' fees, appellant merely says the services were such as are "common to any case where the nature of the property is in dispute." The record shows that extensive services were rendered and that they were described at length in the testimony of one of plaintiff's attorneys. Since appellant makes no mention of the purport of this evidence we shall presume that it was sufficient to justify the award of $8,000.

■ With respect to defendant's ability to pay it is said "The trial court abused its discretion in ordering defendant to pay for temporary alimony, attorneys' fees, and costs an amount in excess of ninety-five percent (95%) of his net income." Appellant takes $23,500 as the average net income after taxes for the past five years and points out that the alimony for one year, plus attorneys' fees and costs, exceed the annual income by some $2,500. To bolster his argument he treats the allowances for attorneys' fees, costs and accountants' fees as if they were recurring items.

■ There is, of course, no rule of law which limits the amount the court may award for a wife's support and expenses of suit to a share of the income of the husband, regardless of his financial worth.

■ It is stated in respondent's brief, and not denied in

appellant's reply, that there was ample evidence that the husband's financial worth was in excess of $500,000. Be that as it may, we have no need to consider the evidence of the value of the husband's estate. Appellant's failure to state the evidence requires us to presume that it was sufficient to justify the implied finding that payment of the amounts allowed would work no hardship.

Upon the oral argument the point was made by appellant that it should be assumed that in making an allowance for past services and those to be rendered by plaintiff's attorneys in the future the court considered that the sum of $8,000 would be sufficient to compensate for services rendered up to the time of and, perhaps, throughout the trial, and it was pointed out that if the attorneys are compensated for services that have not been rendered, and will not be rendered, they will be unjustly enriched. It was not suggested how that supposed situation could be corrected on the appeal. The question of possible unjust enrichment of the attorneys raises interesting questions, but they are not before us for decision. There is no way of knowing what the court had in mind with respect to the proportion of the services that would be rendered in the future or the proportion of the allowance that was intended to compensate for the same. Neither is there any way for this court to know whether the entire sum of the allowance had been earned by the attorneys before the death of Mr. Wiley. The order cannot be disturbed in the absence of a showing that appellant has suffered prejudice, and upon this appeal there is nothing from which it could be determined whether the payment of $8,000 to the attorneys will result in their unjust enrichment. The same reasons are controlling with respect to the allowance of money for the accountant's fee.

The question of the possible unjust enrichment of plaintiff or the attorneys is not before us on the present record. We must affirm the order without considering the question, but our affirmance will be without prejudice to any proceedings which may be available for trial of the issue of unjust enrichment, if appellant desires to pursue the same.

The order is affirmed.

Vallée, J., and Ford, J., concurred.