[Civ. No. 10307. Fourth Dist., Div. One. June 15, 1970.]

JAMES E. MOORE, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
DIANE K. MOORE, Real Party in Interest.

**COUNSEL**

Silverton & Silverton, Samuel L. Sosna, Jr., and Max Abrams for Petitioner.

No appearance for Respondent.

Linley, McDougal, Meloche & Murphy and Thomas R. Murphy for Real Party in Interest.

**OPINION**

**AULT, J.**—James E. Moore petitioned for writ of certiorari after the Superior Court of San Diego County had entered an order finding him in contempt of court. We issued an order to show cause, stayed further proceedings in the court below pending the hearing and ordered the record transmitted to this court. Real party in interest, Diane K. Moore, filed a response to the petition.

Petitioner's citation for contempt arose out of a suit for separate maintenance in which the chronology of pertinent events is as follows:

(1) February 8, 1966.

Diane K. Moore filed suit for separate maintenance against petitioner. Summons was issued and the court signed an order directing petitioner to show cause concerning temporary custody, support and attorney fees.

(2) February 23, 1966.

Petitioner and his attorney appeared in court in response to the order to show cause and stipulated to a temporary order which (a) awarded custody of the minor children to Mrs. Moore, reserving vistation rights to petitioner, (b) awarded Mrs. Moore the use of the furniture and living quarters, (c) restrained each party from annoying and harassing the other and from disposing of the community property, (d) ordered petitioner to pay $200 per month support for his wife and minor children and certain community obligations, and (e) ordered petitioner to pay attorney fees and court costs to Mrs. Moore's attorneys in the total sum of $287.50. The written order proposed to the court, pursuant to the stipulation, was signed and approved by petitioner's attorney; it was signed by the court March 10, 1966.

(3) December 18, 1969.

Order to show cause for contempt issued, based upon affidavits filed by Diane K. Moore and her attorneys, alleging with particularity petitioner's failure to comply with the March 10, 1966, support order and his failure to

pay attorneys' fees and court costs.

(4) January 28, 1970.

Contempt hearing held; petitioner orally moved to dismiss pursuant to Code of Civil Procedure, section 581a; the contempt charge and motion to dismiss were submitted.

(5) March 9, 1970.

The court signed "Findings of Fact, Conclusions of Law, and Order" which (a) denied petitioner's motion to dismiss, (b) found him in contempt of court for failure to pay attorneys' fees and court costs, (c) ordered petitioner incarcerated in the county jail for five days, (d) fined him $150, (e) stayed execution of the order until April 2, 1970, and (f) reserved jurisdiction to take additional testimony concerning petitioner's contempt for failure to pay support and to award additional attorneys' fees.

(6) March 26, 1970.

Petition for writ of certiorari filed in Court of Appeal.

(7) April 6, 1970.

Order to show cause issued by this court and proceedings in the superior court stayed.

(8) No answer to the separate maintenance complaint has been filed and no judgment has been taken.

Petitioner's basic contention is the order finding him in contempt of court for failure to pay attorneys' fees and court costs, as provided in the pendente lite order, is void, and in excess of the court's jurisdiction, because the case should have been dismissed under the provisions of section 581a of the Code of Civil Procedure.

The second paragraph of section 581a reads: "All actions, heretofore or hereafter commenced, must be dismissed by the court in which the same may be pending, on its own motion, or on the motion of any party interested therein, if summons has been served, and no answer has been filed, if plaintiff fails, or has failed, to have judgment entered within three years after service of summons, except where the parties have filed a stipulation in writing that the time may be extended."

The contempt proceedings against petitioner were neither initiated nor heard until more than three years after he was served with process.[1] He

[1]The record does not reveal when summons was served on petitioner. His appearance in court with counsel on February 23, 1966, at which time he stipulated to the terms of the pendente lite order, was a voluntary appearance within the meaning of Code of Civil Procedure, section 416, and the equivalent of service of summons. It

has not filed an answer to the complaint and no judgment, as such, has been entered. Unless the March 10, 1966, pendente lite order may be said to be a judgment within the meaning of section 581a of the Code of Civil Procedure, the section, by its terms, requires dismissal of the action. In its order of March 9, 1970, adjudicating petitioner in contempt, the trial court found: ". . . the order of March 10, 1966, constitutes a judgment so as to obviate that [the] three-year r e q u i r e m e n t of C.C.P. 581(a)."

We have concluded the March 10, 1966, pendente lite order is not a judgment within the meaning of section 581a, and the court's duty to dismiss the separate maintenance action was mandatory.

A pendente lite order in a matrimonial action has many of the attributes of a judgment. It is directly appealable independently of the main action (*Greene* v. *Superior Court*, 55 Cal.2d 403, 405 [10 Cal.Rptr. 817, 359 P.2d 249], *Lincoln* v. *Superior Court*, 22 Cal.2d 304, 310 [139 P.2d 13], *Robbins* v. *Mulcrevy*, 101 Cal.App. 300, 301 [281 P. 668]), and is subject to direct attack in the trial court under section 473 of the Code of Civil Procedure (*Greene* v. *Superior Court, supra*). It remains effective after the death of a party as to unpaid sums which accrued before the death occurred (*Wiley* v. *Wiley*, 183 Cal.App.2d 588, 589-590 [7 Cal.Rptr. 73]). The court may enforce its temporary orders for payment of support or attorneys' fees by: ". . . execution, attachment, the appointment of a receiver, contempt, or by such other order or orders as the court in its discretion may from time to time deem necessary." (Civ. Code, § 4540, see also former Civ. Code, §§ 137.2 and 137.3.)

Neither dismissal of the main action, nor judgment on the merits in favor of the party against whom the order is made, vacates the temporary order or makes it ineffective as to accrued payments which remain unpaid (*Douglas* v. *Superior Court*, 143 Cal.App.2d 17, 18-19 [299 P.2d 285]).

It has been stated a pendente lite order "is to all legal intents and purposes a judgment" (*Robbins* v. *Mulcrevy, supra*, 101 Cal.App. 300, 301), "has the effect of a judgment" (*Wiley* v. *Wiley, supra*, 183 Cal.App.2d 588, 590), and "is a proceeding for a separate judgment independent of the final judgment in the action" (*Douglas* v. *Superior Court, supra*, 143 Cal.App.2d 17, 19). The cases cited, however, and other cases in which similar statements have been made, were concerned with whether a temporary order was appealable, whether it survived the death of a party, or whether execution would issue. None of them touched on, or were con-

---

was also a general appearance within the meaning of the first paragraph of section 581a and makes the dismissal provisions of that paragraph inapplicable. (*Merner Lbr. Co.* v. *Silvey*, 29 Cal.App.2d 426, 428-429 [84 P.2d 1062]; *Horney* v. *Superior Court*, 83 Cal.App.2d 262, 271 [188 P.2d 552].)

cerned with, the problem of whether a pendente lite order is a judgment within the meaning of Code of Civil Procedure, section 581a, requiring dismissal where no answer has been filed and judgment has not been entered within three years after summons is served.

Judgment is defined by Code of Civil Procedure, section 577, which provides: "A judgment is the final determination of the rights of the parties in an action or proceeding." ■ A pendente lite order in a divorce or separate maintenance action is not a final determination of the rights of the parties. It neither adjudicates the validity of the cause of action alleged nor settles the respective property rights of the parties. By its very title, it is temporary in nature and effective only until the litigation is finally heard and determined. Since the pendente lite order leaves the litigation pending in many of its important aspects, to hold it meets the judgment requirement of Code of Civil Procedure, section 581a, would frustrate the public purpose behind the statute. ■ That purpose is to expedite litigation and require it to be brought to conclusion within reasonable time limits. (*Schultz* v. *Schultz,* 70 Cal.App.2d 293, 297 [161 P.2d 36]; *Rio del Mar etc. Club, Inc.* v. *Superior Court,* 84 Cal.App.2d 214, 225 [190 P.2d 295].) ■ While a pendente lite order has many features of a judgment in other contexts, it does not finally determine the rights of the parties in the sense of a judgment, has no tendency to bring the litigation to conclusion, and should not be equated with the word "judgment" as that term is used in the second paragraph of Code of Civil Procedure, section 581a.

■ When the motion to dismiss was made, more than three years had elapsed from the time service of summons, or its equivalent, was effected upon petitioner; no answer had been filed and no judgment had been entered; the court's duty to dismiss the action was mandatory. (Code Civ. Proc., § 581a; *Lynch* v. *Bencini,* 17 Cal.2d 521, 532 [110 P.2d 662]; *Jacks* v. *Lewis,* 61 Cal.App.2d 148, 151 [142 P.2d 358]; *Schultz* v. *Schultz, supra,* 70 Cal.App.2d 293, 297; *Rio del Mar etc. Club, Inc.* v. *Superior Court, supra,* 84 Cal.App.2d 214, 225).

■ Petitioner's absolute right to a dismissal of the seperate maintenance action, or even its actual dismissal, would not oust the court from jurisdiction to consider and adjudicate petitioner's contempt for his willful failure to comply with the previously made order to pay attorneys' fees and court costs. As already indicated, dismissal of the action would not affect the validity of the pendente lite order previously made. ■ After dismissal, further payments under the order would no longer accrue, but payments which had accrued and had not been paid would remain due and payable (*Biltmore Drug Store* v. *Superior Court,* 101 Cal.App. 363,

364 [281 P. 710]; *Douglas* v. *Superior Court, supra,* 143 Cal.App.2d 17, 19); and the dismissal of the main action does not deprive the court of jurisdiction to enforce an uncomplied with pendente lite order by execution (*Douglas* v. *Superior Court, supra*) through supplementary proceedings (*Biltmore Drug Store* v. *Superior Court, supra*), or by contempt (*In re Robbins,* 109 Cal.App. 363 [293 P. 96]; *In re Robbins,* 212 Cal. 534 [299 P. 51]; *Morelli* v. *Superior Court,* 1 Cal.3d 328, 332-333 [82 Cal.Rptr. 375, 461 P.2d 655]).

Appellant's reliance upon *Harris* v. *Texas & Pac. Ry. Co.,* 196 F.2d 88, *Schultz* v. *Superior Court,* 69 Cal.App.2d 530 [159 P.2d 417], *In re Overend,* 122 Cal. 201 [54 P. 740], and *In re Rowe,* 7 Cal. 175, is misplaced. In none of the cases cited was the court's power to enforce an uncomplied with pendente lite order for contempt under consideration.

■ It follows from what we have said, petitioner's motion to dismiss the separate maintenance action was irrelevant to, and independent from, his alleged contempt for failure to pay the attorneys' fees and court costs required by the pendente lite order of March 10, 1966. Irrespective of how the court ruled on the motion to dismiss, petitioner's rights in the contempt proceeding were unaffected. Had the motion been granted, as it should have been, the resulting dismissal would not have deprived the court of jurisdiction to punish petitioner for contempt for willful failure to comply with the pendente lite order.

Petitioner's contentions the charging affidavit and the order finding him in contempt are fatally defective are without merit.

The order adjudging petitioner in contempt is affirmed; the previous order of this court staying proceedings in the superior court is vacated; the cause is remanded to the superior court with instructions to dismiss the separate maintenance action.

Brown (Gerald), P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied June 29, 1970.