[Civ. No. 44780. Second Dist., Div. Three. June 26, 1975.]

In re the Marriage of FAY C. and WILLIAM O. HARBACH.
FAY C. HARBACH, Appellant, v.
WILLIAM O. HARBACH, Respondent.

**COUNSEL**

George M. Goffin for Appellant.

Arthur J. Crowley and Howard E. Blumenthal for Respondent.

**OPINION**

**ALLPORT, Acting P. J.**—On April 9, 1973, wife filed a petition seeking dissolution of marriage and, inter alia, spousal support, attorney's fees and costs. Pursuant to an order to show cause filed January 17, 1974, she sought spousal support, temporary attorney's fees, temporary accountant's fees and costs pendente lite. Following a hearing on the order to show cause, the following order was made:

"Petitioner's request for spousal support, attorney's fees, accountant's fees and costs pending trial is denied.

"There is reserved to the trial court jurisdiction to fix and determine attorney's fees, accounting fees and costs from the commencement of the rendition of such legal and accounting services based on the facts appearing at the time of trial."

On April 3, 1974, wife filed a notice of appeal from that order contending that the court erred in failing to provide for spousal support, attorney's and accountant's fees and costs pendente lite.

■ The purported appeal must be dismissed. Code of Civil Procedure section 904.1 authorizes an appeal from an interlocutory judgment of dissolution of marriage but makes no provision for an appeal from an order denying spousal support, fees and costs pendente lite. The record before us fails to disclose that any judgment, interlocutory or final, has been entered.[1] Civil Code section 4357 provides that the trial court "may" order payment of spousal support during pendency of the proceeding but such an order is not made mandatory by the statute and is subject to modification at any time. The matter of spousal support, fees and costs must be determined at time of trial pursuant to the petition for dissolution and may be reviewed on appeal from the judgment. An arbitrary refusal to make an appropriate order for such support, fees and costs may be attacked by use of the prerogative writ procedure provided in Code of Civil Procedure sections 1084 et seq. and 1102 et seq. (*Newlands* v. *Superior Court,* 171 Cal. 741 [154 P. 829]; cf. *Bain* v. *Superior Court,* 36 Cal.App.3d 804 [111 Cal.Rptr. 848].) The purported appeal from the order in the instant case must be dismissed.

In so ruling we are not unaware of a number of early cases wherein it is indicated that such an order is appealable. In *Lincoln* v. *Superior Court,* 22 Cal.2d 304 [139 P.2d 13], on application for a writ of mandate we find at page 310 language indicating an order denying an application for temporary support and costs to be tantamount to a final judgment. *Lincoln* cites *Robbins* v. *Mulcrevy,* 101 Cal.App. 300, 301 [281 P. 668], and *Biltmore Drug Store* v. *Superior Court,* 101 Cal.App. 363, 365 [281 P. 710], in support of the statement. We note that *Robbins* and *Biltmore* were both before the court pursuant to extraordinary writ procedures. In *Greene* v. *Superior Court,* 55 Cal.2d 403, 405 [10 Cal.Rptr. 817, 359 P.2d 249], another writ case, *Lincoln, supra,* is cited in support of the statement that such an order is directly appealable. (See also *Moore* v. *Superior Court,* 8 Cal.App.3d 804, 809 [87 Cal.Rptr. 620] and *Rose* v. *Rose,* 175 Cal.App.2d 585, 591 [346 P.2d 460].) We do not deem those cases controlling of our decision herein. They present no rationale nor authority supporting a conclusion that the instant order should in fact be appealable. In none do we have an attempt to appeal directly from an

[1]We have augmented the record in accordance with rule 12(a) California Rules of Court to include the information contained in the superior court file that trial of the matter is now set for July 21, 1975.

order denying temporary support, fees and costs. None hold such appealable under section 904.1. To render support orders pendente lite directly appealable would, in this day and age, pose an insurmountable burden upon the appellate court system. Section 904.1 affords a review by way of appeal from the interlocutory judgment as well as the final judgment. The prerogative writ procedure is available in appropriate circumstances to control arbitrary action on the part of the trial court. We do not believe that the Legislature intended that appellate relief is to be afforded by an appeal from a pendente lite order of this nature.

■ In any event, without belaboring the subject, it appears from a cursory reference to the record before us that at the time the order denying temporary support, fees and costs was made, both parties had very substantial income and assets. Plaintiff was possessed of an interest in property valued in excess of $3.5 million with a monthly income of $2,400. She had recently made a cash offer for a New York apartment in the sum of $180,000. She had become personally indebted to her attorneys for fees and costs. In ruling on the matter the trial court stated:

"I am sensitive to the concerns of the petitioner. However, after consideration of the relative positions of the parties at this point in time, and the totality of the circumstances at this point in time, the Court denies petitioner's request for spousal support pending trial, attorney's fees, and accounting fees and costs pending trial.

"However, there is reserved to the trial court jurisdiction to fix and determine attorney's fees, accounting fees and costs from the commencement of the rendition of such legal and accounting services based on the facts appearing at the time of trial.

"So that at the time of trial, if it appears that a substantial portion of the accounting and/or attorney's fees relate to problems with reference to the community property, if they are questions of commingling or transmutation, I am reserving to the trial court the right to fix fees with reference to attorney's fees and accounting fees and costs from the time of the rendition of said services.

"At this point in time I want to bring you down to the bottom line. Under the law as I see it, I do not see a need at this point, considering the factors that I have set forth, for an order requiring temporary spousal support or attorney's fees, accounting fees and costs."

Under the circumstances we cannot say the deferring of consideration of spousal support, attorney's fees and costs until trial of the matter was an abuse of discretion or has resulted in any prejudice to plaintiff.

The purported appeal is dismissed.

Cobey, J., and Potter, J., concurred.

On July 23, 1975, the opinion was modified to read as printed above.