[Civ. No. 6166. Third Appellate District.—February 16, 1939.]

J. W. JOHNSON, Petitioner, v. THE SUPERIOR COURT
OF YUBA COUNTY et al., Respondents.

Manwell & Manwell for Petitioner.

Loyd E. Hewitt, Reuel Pomeroy and Morgan & Morgan
for Respondents.

THOMPSON, J.—This is a petition for a writ of review
to cancel an amended final decree of divorce on the ground

that the trial court was without jurisdiction to modify the decree after it became final.

April 8, 1937, Alice M. Johnson was granted an interlocutory decree of divorce from this petitioner, J. W. Johnson, on the ground of extreme cruelty. That decree determined, in accordance with findings which were adopted, that a previous purported agreement settling property rights between the parties, dated February 1, 1933, was procured by fraud and therefore void. The decree also awarded to Mrs. Johnson in settlement of her property rights the sum of $25,000 to be paid at the rate of $150 per month for the period of one year and thereafter $250 per month until the entire sum was fully paid, together with 5 per cent interest on the unpaid portion of the principal sum, payable annually. Upon the *ex parte* application of Mrs. Johnson, a final decree of divorce was entered on May 11, 1938, in which it was provided with respect to the award of money to be paid to her that this petitioner pay to his wife said sum of $25,000, less the sum of $8,662 which had been previously paid, leaving a balance of $16,348 with 5 per cent interest thereon from February 1, 1932, amounting to the aggregate unpaid balance of $19,-771.99 as of April 8, 1937, to be paid according to the terms of the interlocutory decree at the rate of $150 per month until February 1, 1938, and at the rate of $250 per month thereafter until said balance is fully paid, together with 5 per cent interest on the unpaid balance of the principal sum, payable annually.

No appeal from that final decree was taken. Thereafter, on motion of Alice M. Johnson, and upon notice thereof, at which the respective parties were present in open court, when evidence was adduced in behalf of both parties, the court rendered what is termed "Decree Amending Final Decree of Divorce", on June 13, 1938, purporting to change merely the language of the original final decree awarding to Mrs. Johnson the payment of $25,000 and providing for the unpaid portion thereof. The specified instalments to be paid appear to be the same as those provided for in the original final decree.

From the last-mentioned order and amended decree this petitioner gave notice of appeal to the Supreme Court on July 14, 1938. That appeal is now pending in the Supreme Court.

 Upon this petition for a writ of *certiorari,* we are not directed to any material change in the provisions of the final amended decree different in effect from the final decree. It appears that the amended decree merely computed specifically the amount of money remaining unpaid at that time, pursuant to the terms of the interlocutory decree. Both parties appear to concede that fact. The respondents in this proceeding say in that regard that the original decree "was identical in form and which purported to do exactly what the order here complained of purports to do". The petitioner also says in that regard: "It is clear that this does not change in any way or modify the provisions of the Interlocutory Decree. It merely makes more definite and certain the provisions in the Interlocutory Decree."

If it be true that the amended decree does not change the material determinations of the court pursuant to the findings adopted, but merely more specifically computes the balance of the award of money remaining unpaid, or corrects mere clerical errors in the figures specified in the decree, the court on motion, or upon its own initiative, had a right to make such change under the provisions of the fourth paragraph of section 473 of the Code of Civil Procedure, which provides that:

"The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, and may, on motion of either party after notice to the other party, set aside a void judgment or order."

In the present proceeding, if the court merely corrected an apparent mistake in calculating the amount of the money judgment remaining unpaid at the time of the entry of the final decree, or if it merely corrected any other clerical mistake in the language of that decree, it had jurisdiction and was authorized to do so under said section of the code.

 It is true that a court has no jurisdiction to modify or change its judgment after the time for presenting a motion for new trial has elapsed and the time for appeal therefrom has expired, except as provided in section 473 above cited. (*Lankton* v. *Superior Court,* 5 Cal. (2d) 694 [55 Pac. (2d) 1170]; *Stevens* v. *Superior Court,* 7 Cal. (2d) 110 [59 Pac. (2d) 988]; *Wylie* v. *Wylie,* 26 Cal. App. (2d) 167

[79 Pac. (2d) 152].) But we are directed to no such substantial change of the final decree in this case.

█ Moreover, it appears an appeal from the amended final decree is now pending in the Supreme Court. While that proceeding is pending it is clearly improper for this court on *certiorari* or otherwise to interfere with that appeal. If for any reason that appeal is ineffectual we assume that upon proper motion it will be dismissed by the Supreme Court. This court has no jurisdiction over proceedings pending in the Supreme Court.

For the reasons stated we are of the opinion the proceedings in this *certiorari* matter should be dismissed. It is so ordered.

Tuttle, J., and Pullen, P. J., concurred.