[Civ. No. 22799.   Second Dist., Div. One.   Oct. 16, 1958.]

EDWIN S. DOUGLAS, Respondent, v. FAY H. DOUGLAS, Appellant.

*Assigned by Chairman of Judicial Council.

226

Jerrell Babb for Appellant.

Bonpane & Dillon and Manuel Ruiz, Jr., for Respondent.

WHITE, P. J.—Respondent is the plaintiff and cross-defendant in an action for divorce commenced by him in April, 1944, in the Superior Court of Los Angeles County.

On June 1, 1944, his wife, appellant herein, filed an answer and cross-complaint in which she named as cross-defendants respondent and his son, Edwin S. Douglas, Jr.

On October 30, 1944, the aforesaid court made and entered an order requiring respondent to pay appellant as defendant and cross-complainant, the sum of $250 per month as alimony pendente lite.

On March 21, 1946, appellant, as cross-complainant, filed what she entitled a supplemental cross-complaint naming as cross-defendants one Grace Kunkle, Telegraphic Delivery Service, a corporation, Edwin S. Douglas, Jr., and respondent.

On July 5, 1949, the trial court, on its own motion, dismissed respondent's action pursuant to the provisions of section 583 of the Code of Civil Procedure.

On July 7, 1949, the same court dismissed the cross-complaint, but denied respondent's motion to dismiss cross-complainant's action and proceeded to try the case upon the supplemental cross-complaint.

After the cause was submitted a mistrial was declared.

Thereupon, the cross-defendants therein, other than the respondent herein, applied to the District Court of Appeal for a writ of prohibition to restrain the superior court from taking any further proceedings against them, contending that the lower court was without jurisdiction and had abused its discretion in denying their motion to dismiss the action.

On November 2, 1949, the District Court of Appeal granted a peremptory writ of prohibition (*Douglas* v. *Superior Court,* 94 Cal.App.2d 395 [210 P.2d 853]). The writ that issued so far as pertinent here, reads as follows: ". . . , we do command you . . . that you absolutely desist and refrain from taking any further proceedings against, or making any orders *affecting petitioners herein* in the above entitled proceedings . . ." (Emphasis added.) In a subsequent decision involving a petition for a writ of prohibition (*Douglas* v. *Superior Court,* 143 Cal.App.2d 17, 18 [299 P.2d 285]), the District Court of Appeal noted that "No order has been made dismissing the supplemental cross-complaint although undoubtedly petitioner (respondent herein) is entitled to have it dismissed." This statement finds substance in the language of the court in granting the aforesaid writ of prohibition (*Douglas* v. *Superior Court,* 94 Cal.App.2d *supra,* pp. 398, 399) wherein it is said that the mandatory provision for dismissal after the lapse of the statutory time without proceeding to trial, as well as the decisions therein cited that said period is not extended by the filing of an amended or supplementary complaint, "are equally applicable to the filing of an amended or supplemental *cross*-complaint" as in the instant action, and require that the cross-action be dismissed upon the lapse of the statutory time after the filing of the original cross-complaint.

On July 20, 1956, appellant, on the basis of her affidavit, secured an ex parte judgment and a writ of execution against respondent to collect the amount of $15,000, plus interest of $2,699.86, which appellant contended was due and owing on the aforesaid pendente lite order made by the court October 30, 1944 for her support on her separate maintenance cross-complaint, said amount being claimed for the five years preceding the filing of her request for said ex parte judgment and writ of execution on July 20, 1956, viz., from July 20, 1951 to July 20, 1956.

On August 20, 1956, respondent filed a motion to vacate and set aside the aforesaid ex parte judgment of July 20, 1956. The motion was based on the grounds (1) that the dis-

missal of the cross-complaint in 1949 carried down with it all prior orders for support pendente lite and (2) that the valid decree of divorce granted to respondent in Nevada on June 10, 1949, against which there had been no successful attack, barred appellant from collecting payments, pendente lite, from and after said date of June 10, 1949, and (3) that additionally appellant abandoned this present action when she filed a new action in January, 1951, alleging the same grounds for separate maintenance as in this present action.

On August 20, 1956, respondent also filed a motion for entry of dismissal *nunc pro tunc* of appellant's aforesaid supplemental cross-complaint. This motion was grounded upon the claim that respondent was entitled to such order of dismissal under the holding of the District Court of Appeal in *Douglas v. Superior Court, supra* (94 Cal.App.2d 395), prohibiting any further proceedings upon said supplemental cross-complaint against the petitioners in the case just cited for the reason that the filing of the supplemental cross-complaint did not have the effect of extending the time of mandatory dismissal to five years after its filing.

On March 5, 1957, the trial court made its order granting both motions. From such order appellant prosecutes this appeal.

■ Appellant first contends that the court erred in dismissing *nunc pro tunc* her supplemental cross-complaint, since that remedy was available only to correct the record as to clerical errors, and cannot be utilized to correct judicial error, if any there was.

■ It is undoubtedly true, as urged by appellant, that no rule of law is more clearly or firmly established than the one which holds that where an error is inherently judicial rather than clerical or inadvertent the court has no power to amend its decision.

The cases cited by appellant merely reiterate the foregoing rule that the power of a court to correct clerical error in a final judgment may not be used as a springboard to rectify its judicial errors. That where the error in a judgment is inherently judicial rather than clerical or inadvertent, it can only be set aside in the modes prescribed by statutory procedure, as for example, in sections 473 and 663 of the Code of Civil Procedure. That subject to these exceptions, inadvertence and clerical errors, the judgment is reviewable only on appeal (*Johnson v. Superior Court*, 31 Cal.App.2d 111, 113 [87 P.2d 384]; *Uhl v. Johnson*, 141 Cal.App.2d 659,

665 [297 P.2d 493]; *Thomson* v. *L. C. Roney & Co.*, 112 Cal. App.2d 420, 425 [246 P.2d 1017]; *City of San Diego* v. *Superior Court*, 36 Cal.2d 483, 487 [224 P.2d 685]).

■ However, courts are clothed with inherent power to enter judgments *nunc pro tunc*. And such an order should be granted or refused as justice may require in view of the circumstances present in a particular case (*Norton* v. *City of Pomona*, 5 Cal.2d 54, 62 [53 P.2d 952]). ■ In *Douglas* v. *Superior Court*, *supra*, 143 Cal.App.2d 17, 18, this court said: "No order has been made dismissing the supplemental cross-complaint, although undoubtedly Petitioner (respondent herein) is entitled to have it dismissed." Therefore, when, on July 7, 1949, the court dismissed appellant's cross-complaint for separate maintenance under section 583 of the Code of Civil Procedure, it should have dismissed the supplemental cross-complaint, for, as was said in *Douglas* v. *Superior Court*, *supra*, 94 Cal.App.2d 395, 398, 399: "It was therefore without jurisdiction to proceed in the action as the filing of the so-called supplemental complaint, whether it be in fact a supplemental complaint or an amended complaint, did not have the effect of extending the time of mandatory dismissal to five years after its filing."

In view of the facts as revealed by the record herein, measured by the rule above stated, we conclude that the trial court was fully justified in making and carrying out its *nunc pro tunc* order.

■ We come now to a consideration of the correctness and validity of the action of the court in granting respondent's motion to vacate appellant's ex parte money judgment for pendente lite separate maintenance payments entered July 20, 1956, in the sum of $15,000 plus interest amounting to $2,699.86, from July 20, 1951, to July 20, 1956. We are satisfied that the order appealed from was proper. The original action herein was filed by respondent in April, 1944. On June 1, 1944, appellant filed her answer and cross-complaint. On October 10, 1944, the trial court made its order pursuant to the prayer contained in appellant's cross-complaint, that respondent pay to her the sum of $250 per month as alimony pendente lite. It must be borne in mind that the complaint and appellant's cross-complaint, upon the latter of which the pendente lite alimony order was predicated had been dismissed by the court below on July 7, 1949, more than two years prior to the date for which appellant's ex parte money judgment provided for allegedly due and unpaid alimony payments, to

wit, July 20, 1951 to July 20, 1956. ■ While an application for alimony pendente lite is not a separate action, an order for such alimony ''is to all legal intents and purposes a judgment,'' independent of the final judgment in the action. Therefore, while such judgment is not vacated by a dismissal of the action, the right to alimony awarded by it is terminated (*Douglas* v. *Superior Court, supra,* 143 Cal.App.2d 17, 19).
■ Since the cross-complaint, under which the order for alimony pendente lite was made, was dismissed July 7, 1949, under the mandatory provisions of section 583 of the Code of Civil Procedure, it necessarily follows, under the applicable rule, that appellant's ex parte money judgment entered July 20, 1956, for the collection of alimony payments allegedly accrued from July 20, 1951 to July 20, 1956, was without warrant or authority of law and was properly vacated.

The order from which this appeal was taken is affirmed.

Fourt, J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 10, 1958.