[Civ. No. 12149.   Third Dist.   June 25, 1969.]

ALLAN T. OLSON   et al., Petitioners, v. THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent; COUNTY OF SACRAMENTO, Real Party in Interest.

Colley & McGhee and Nathaniel S. Colley for Petitioners.

No appearance for Respondent.

John Heinrich, County Counsel, and Clyde Small for Real Party in Interest.

BRAY, J.*—Petitioners seek a writ of mandate against the respondent Sacramento County Superior Court, praying that the superior court be directed to annul its memorandum and order allowing the filing of an amended cross-complaint, the County of Sacramento being the real party in interest.[1]

## QUESTION PRESENTED

■ Did the trial court have jurisdiction after granting a judgment on the pleadings in favor of petitioners on the cross-complaint and after appeal therefrom to grant a motion to file an amended cross-complaint?

## RECORD

On February 10, 1965, petitioners filed a civil action against the County in respondent superior court for damages for wrongful breach of a certain garbage collection franchise agreement. On April 13, 1966, County filed its answer and separately a cross-complaint. On December 14, 1967, petitioners, as cross-defendants, filed a "Notice of Motion for Summary Judgment for Cross-Defendants on Cross-Complaint, For Order Striking Affirmative Defense to Complaint and For Judgment For Cross-Defendants on the Pleadings."

On May 10, 1968, the trial judge filed a memorandum to the effect that the cross-complaint cause of action was barred by the provisions of section 340, subdivision 1, Code of Civil Procedure, and stated that "[t]he motion for judgment upon the pleadings in regard to the cross-complaint will be granted."

On July 9, 1968, and before any judgment was entered, the County filed "Motion For New Trial on Order Granting Motion For Judgment on the Pleadings Against Cross-Complaint and to Vacate and Set Aside Any Judgment Entered Thereon; Or, In The Alternative, For Leave to Amend Said Cross-Complaint." Said motion was accompanied by a proposed amended cross-complaint but no affidavit of merits. Both motions were argued orally and in writing and on July 10, 1968, "Judgment on the Pleadings on Cross-Complaint"

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

[1]This is one of three matters considered together by this court, arising from a superior court action in which petitioners sought damages against the County of Sacramento for alleged wrongful breach of contract. The others are (1) 3 Civil 12223, appeal from judgment on the pleadings as to the cross-complaint in the breach of contract action, and (2) 3 Civil 12164, petition by County for writ of mandate to set aside the judgment on the pleadings on the cross-complaint above mentioned.

was filed. This denied petitioners' motion to strike the affirmative defense, but granted petitioners' judgment on the pleadings as to the cross-complaint.

On September 19, the County filed a notice of appeal from this judgment. On September 21, petitioners' counsel wrote a letter to the trial judge calling his attention to the fact that the County had appealed, and pointing out that the court no longer had jurisdiction to pass on the motions made by the County.

On October 2, 1968, the county counsel wrote to the trial judge to the effect that it was necessary to appeal from the judgment on the pleadings to protect the record "in view of your ruling on our Motion for New Trial" and that the court still had jurisdiction to pass on the "pending motion" (evidently referring to the motion to file an amended cross-complaint).

On October 30, the judge filed a memorandum in which he stated "that the matter which is still pending has not been passed upon by this Court and therefore the Court determines that it does have jurisdiction as to the alternative motion for Permission to File an Amended Cross-Complaint. The Court has reviewed the proposed cross-complaint and believes that it now cures the defects in the original cross-complaint. Therefore the Court now determines that the Defendant may file the amended cross-complaint. Had this matter been presented fully to the Court prior to the signing of the Order for Judgment on the Pleadings, the Court would at that time have permitted the amendment."

### No Jurisdiction

It is clear that on the filing of an appeal from the judgment on the pleadings the court lost jurisdicton to pass upon a motion made prior to the judgment. This is not a proceeding under section 473, Code of Civil Procedure, to set aside a judgment for mistake, inadvertence, surprise or excusable neglect.

The County would have us find that this is a situation of clerical error on the part of the judge in that at the time of the judgment on the pleadings, the court intended to grant the motion to file the amended cross-complaint. However, there are two reasons that such is not the case. The judge could not enter a judgment on the pleadings as to the cross-complaint and at the same time grant a motion to amend the very pleading against which judgment is granted. Moreover,

there is no showing that the judge intended to enter any judgment or order other than the one he entered.

In his memorandum the judge states that had the matter been fully presented prior to the signing of the Order for Judgment on the Pleadings he would have permitted the amendment. This is saying that because the matter was not fully presented he had not intended to grant the amendment.

The filing of an appeal from a judgment divests the trial court of all jurisdiction in matters embraced in the judgment or affected thereby. (Code Civ. Proc., § 916.) The appeal "vests jurisdiction in the appellate court and terminates the jurisdiction of the lower court." (*Estate of Hanley* (1943) 23 Cal.2d 120, 123 [142 P.2d 423, 149 A.L.R. 1250].)

The judgment is a final determination of all matters before the court at the time of judgment even though rulings thereon were not expressly made. The error, if it were an error, not to expressly rule on the motion to amend is a judicial one and is reviewable only on appeal. (*Douglas* v. *Douglas* (1958) 164 Cal.App.2d 225, 228 [330 P.2d 655]. See *Barlow* v. *City Council of Inglewood* (1948) 32 Cal.2d 688, 693 [197 P.2d 721].)

There is no reason, nor has the court jurisdiction, to annul the trial judge's Memorandum of Decision.

Let a peremptory writ of mandate issue as prayed, annulling the order allowing the filing of an amended cross-complaint.

Pierce, P. J., and Regan, J., concurred.